### DAVIS *v.* THE STATE.

1. This court will not consider as a part of the brief of the evidence matter which affirmatively appears to have been stricken therefrom before it was filed in the office of the clerk of the superior court, and which is sought to be incorporated therein on the hearing before this court.

2. On the trial of a criminal case, where the rule for the sequestration of witnesses has been invoked, the fact that one offered as a witness has heard the testimony given by other witnesses does not render his testimony incompetent; and the admission of the evidence of such a witness is not cause for a new trial.

3. Where, preliminary to testimony as to dying declarations of a deceased person, a witness testifies that the person making the alleged declarations "realized that he was mortally wounded," an objection to the evidence, on the ground that it was not shown that the deceased knew at the time of making the declarations that he was in extremis, is without merit.

4. A charge which does not purport to declare any principle of law, but which

is merely a statement of fact, can never be a ground for a new trial, unless the judge himself certifies that the statement is incorrect.

5. The disqualification of one or more members of the grand jury that returned the indictment against the accused, which could have been ascertained by him before arraignment, will not be cause for a new trial after he has been tried and convicted.

6. The accused offered no evidence, but relied on his statement. The evidence for the State fully warranted the verdict of guilty, which was approved by the trial judge, and therefore will not be disturbed by this court.

Argued July 18, — Decided August 9, 1904.

Indictment for murder.   Before Judge Lewis.   Putnam superior court.   May 10, 1904.

*W. T. Davidson,* for plaintiff in error.   *John C. Hart, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.

CANDLER, J.   The accused was convicted of murder, and was recommended to the mercy of the court.   He made a motion for a new trial, which was overruled, and he excepted.

1. On the call of the case in this court counsel for the accused made an oral motion to amend the record by adding thereto what is claimed to be a portion of the brief of the evidence introduced on the trial.   This paper is accompanied by a certificate of the clerk of the superior court, to the effect that the " additional evidence appears in the original brief of the evidence now of file in this office, but that it was stricken therefrom with pen and ink before being filed in this office, and for that reason was not sent up as a part of the record."   It must be apparent at a glance that such a document can not be considered by this court. The clerk's certificate is silent as to who made the alteration in the original brief.   Presumably it was done by the judge before affixing his approval thereto,— at all events, this court can not hear any evidence or consider any statement of counsel as to the manner in which it was made or the reason for the change.   The brief of the evidence as it was filed in the clerk's office is the only guide by which we can go; and suggestions that matter stricken from the brief before it was filed be reinserted therein on the hearing by this court will not be heard.

2. Error is assigned in the motion for a new trial on the admission of evidence as to dying declarations alleged to have been made by the deceased, over objection by counsel for the accused that the witness who testified to the alleged dying declara-

tions had remained in the court-room throughout the trial, although the accused had invoked the rule for the sequestration of witnesses; and over the further objection that it was not shown that at the time the declaration was alleged to have been made the deceased was aware that he was in a dying condition. It has repeatedly been held that it is within the discretion of the trial judge to allow a witness to testify who has violated the rule for the sequestration of witnesses. See *Grant* v. *State*, 89 *Ga.* ·394 (3), and cases cited. And it was held in *Cunningham* v. *State*, 97 *Ga.* 214, that where the rule had been invoked, the fact that one offered as a witness had heard the testimony of other witnesses did not render his testimony incompetent, the only effect being to render him amenable to the court as for contempt. As to the other objection to this evidence, that it was not shown that the deceased was aware, at the time of making the declarations testified to, that he was in a dying condition it is only necessary to quote from the evidence as set out in the ground of the motion, as follows : " He realized that he was mortally wounded." In view of this testimony, it is clear that the objection made to the introduction of the evidence of the dying declarations was not well taken.

3. The motion also complains of the following charge of the court: " There has been certain evidence introduced with reference to the dying declarations of the deceased. This evidence was introduced without objection." No specific error is assigned on this charge, nor is it shown how it injuriously affected the rights of the accused. In the nature of things, the charge could not be erroneous as matter of law, for it does not undertake to state any legal principle. The only objection that could be urged against it is that it is not correct as a statement of fact; and as to this it is only necessary to say that as to all matters pertaining to the facts occurring on the trial the statement of the trial judge must always be taken as conclusive.

4. Another ground of the motion was that after the rendition of the verdict the accused discovered that two members of the grand jury who returned the bill of indictment under which he was tried were ineligible to serve as grand jurors, by reason of the fact that they had served on the grand jury at the last preceding term of the court. No reason is shown to have existed why the

accused might not as easily have ascertained this fact before he was arraigned as afterwards. The membership of the grand jury was a matter of public record, open to his inspection at any time; and it is too late, after he has been tried and convicted, to urge a point which, even if meritorious, was open to him and which he failed to make when he was placed on trial. *Jordan* v. *State*, 119 *Ga.* 443, and cit.

5. The only remaining assignment of error is that which complains that the verdict was contrary to law and the evidence. The accused introduced no witnesses, but relied on his statement, in which he admitted the homicide, but contended that its commission was necessary to save his own life. If the witnesses for the State were worthy of credit, the killing was unprovoked and without justification. It was for the jury to decide what was the truth of the evidence. There was ample warrant for their verdict, which met the approval of the trial judge, and it will not be set aside by this court as contrary to the evidence.

*Judgment affirmed. All the Justices concur.*