## WHIGBY v. BURNHAM.

1. An objection to the admission of evidence, which does not set out the evidence objected to, either in full or in substance, presents no question for adjudication.

2. It has repeatedly been held that it is within the discretion of the trial judge to allow a witness to testify who has violated the rule for the sequestration of witnesses.

3. Where a plaintiff and defendant in an ejectment case each claims title to the land as sole heir at law of a decedent, the plaintiff claiming to be the son and the defendant claiming to be the widow of a second marriage, the declarations of the decedent, made subsequently to his second marriage, that his first wife was in life are inadmissible. On an issue of marriage vel non the declarations of the parties themselves that they were or were not married, made ante litem motam, are admissible evidence of the fact declared. But the declaration of such party as to a fact, evidentiary of the invalidity of the marriage, does not come within the exception to the rule of hearsay evidence. The admission of the evidence was harmless error, for the reason that the jury returned a verdict dependent upon a finding that the second marriage was valid.

4. One tenant in common may bring ejectment against his cotenant if the latter's possession be adverse. Where the plaintiff and the defendant in an action for land, in their respective pleadings, each claims title and right of possession to the entire premises, and on the trial there is evidence that they are tenants in common, a verdict which finds that the parties are tenants in common, and that the plaintiff's interest in the property is a certain fractional undivided interest therein, is authorized by both the pleadings and the evidence and is in legal form.

JANUARY 11, 1911.

Complaint for land.  Before Judge Parker.  Ware superior court. December 11, 1909.

*J. L. Sweat* and *A. B. Spence,* for plaintiff in error.

*Wilson, Bennett & Lambdin* and *Crawley & Crawley,* contra.

EVANS, P. J.  Henry Burnham brought an action for land against Irena Burnham, alleging, that he is the son and sole heir at law of Frank Burnham, who died intestate, without debts, and upon whose estate there has been no administration; that the defendant is in the exclusive possession of the premises, claiming title thereto as widow and sole heir at law of his father; that the defendant is not the widow of his father; and that he is entitled to the exclusive possession of the land.  By amendment it was alleged that the defendant has recently married and is now known by the name of Irena Whigby.  The defendant by answer denied that the plaintiff was an heir at law of Frank Burnham, and averred that she was the widow and sole heir at law of Frank Burnham, who was the owner of the land at the time of his death. By amendment she alleged that the premises were composed of two parcels, one of which was purchased by Frank Burnham and title taken thereto in his own name, and the other was purchased by Frank Burnham and herself and title taken to them jointly, each of the parcels being described.  The jury returned a verdict finding that the plaintiff was a son and heir of Frank Burnham, and that the defendant was his coheir; and further finding for the plaintiff an undivided one-half interest in the property described in the petition, except the parcel embraced in the deed set up in the defendant's answer, which was made jointly to Frank Burnham and Irena Burnham, and that as to this parcel the plaintiff was entitled to a one-fourth interest.  The defendant made a motion for a new trial, which was refused, and she brings that judgment under review.

1, 2.  Complaint is made that the court erred in receiving the evidence of certain witnesses, but, as neither the evidence nor its substance is set out in the motion, no question for adjudication is presented.  *Allen* v. *Harris,* 113 *Ga.* 107 (38 S. E. 322).  Complaint is also made that the court allowed certain witnesses to testify who had violated the rule for the sequestration of witnesses. It appears from this assignment that the defendant invoked the rule of sequestration of witnesses, and that two witnesses were in

the court-room when a part of the testimony was delivered. It has been repeatedly ruled that it is within the discretion of the trial judge to allow a witness to testify who has violated the rule for the sequestration of witnesses. *Davis* v. *State,* 120 *Ga.* 843 (48 S. E. 305).

3. Over defendant's objection the court allowed a witness to testify that Frank Burnham, since deceased, stated to the witness, after his marriage to the defendant, that he had another living wife. The tendency of this testimony was not so much to prove the existence of a marriage as to impugn its validity by the declaration of evidentiary facts tending to show that the marriage was void. On an issue of marriage vel non the declarations of the parties that they were or were not married, made ante litem motam, are admissible evidence of the fact declared. Blackburn *v.* Crawford 70 U. S. 175 (6), 176 (18 L. ed. 186) ; *Drawdy* v. *Hesters,* 130 *Ga.* 161 (60 S. E. 451, 15 L. R. A. (N. S.) 190). The Civil Code, § 5177, provides that "Pedigree, including descent, relationship, birth, marriage, and death, may be proved either by the declarations of deceased persons related by blood or marriage, . . " This section, which is declaratory of the common law, relates simply to the proof of the factum of marriage by the declarations of the deceased person. While the statement of the decedent may have been used as evidence against him in a proceeding in which he was directly interested or could be affected, such statement could not be used to the prejudice of the defendant. By consummating the marriage he admitted that he could then legally enter into the alliance. Hull *v.* Rawls, 27 Miss. 471. The evidence was inadmissible, as an attempt to prove by hearsay an independent and extrinsic fact for the purpose of invalidating the marriage. Craufurd *v.* Blackburn, 17 Md. 49 (77 Am. D. 323). Though this evidence was inadmissible, it will not be ground for setting aside the verdict, because the verdict was predicated upon a finding that the marriage of the defendant with Frank Burnham was not bigamous but was a valid marriage.

4. Several exceptions present the point, that one tenant in common can not maintain against his cotenant an action of ejectment ; that when it develops on the trial of the case that the plaintiff and defendant are tenants in common, the action fails ; and that the verdict rendered in this case is not authorized by the law,

the pleadings, or the evidence. Tenants in common are entitled to the joint use and occupation of the premises, and one tenant in common has no right to exclude his cotenant from the possession. of the property held in common. For this reason, where there has been no ouster or refusal by one tenant to permit his cotenant to jointly occupy the premises, an action of ejectment will not lie. *Thompson* v. *Sanders*, 113 *Ga.* 1024 (39 S. E. 419). The suit under such circumstances would present no question for the court to determine. But when one tenant excludes his cotenant from possession, either by actual ouster or by refusal to permit his entry, then a tenant in common may maintain, against his cotenant in adverse possession of the entire property, an action of ejectment to recover his undivided interest. *Burney* v. *Arnold*, 134 *Ga.* 141 (67 S. E. 712). "If the plaintiff claims the whole and the defendant also claims the whole, or a greater interest than that to which he is legally entitled as against the plaintiff, the plaintiff may recover to the extent of his true interest." Powell on Actions for Land, § 402; *Coleman* v. *Lane*, 26 *Ga.* 515. The effect of the verdict is not to dispossess the defendant, but to put the plaintiff and defendant in possession of the whole, leaving to the parties the right by writ of partition or other appropriate remedy to settle any equities that may be between them as tenants in common. *Logan* v. *Goodall*, 42 *Ga.* 95. The verdict was authorized by both the pleadings and the evidence, and is in legal form.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*