## WITHROW *v.* THE STATE.

ATKINSON, J. 1. Where a witness testified that he had known the accused for several years, had had conversations with him, and at one time, as an officer, had had him under arrest, and that from his knowledge and observation of the defendant he believed him mentally capable of distinguishing right from wrong, it was, not error to admit such evidence over the objection that no sufficient foundation was laid to permit the witness to express such opinion. In this connection see *Herndon* v. *State*, 111 *Ga.* 178 (36 S. E. 634) ; *Taylor* v. *State*, 83 *Ga.* 647 (10 S. E. 442).

2. While in charging on the impeachment of witnesses, and the corroboration of witnesses sought to be impeached, the judge did not employ the exact language of the code upon that subject, when the entire charge in regard to the subject is considered together there is no such error as requires a new trial. Nor was there error in declining to give the requested instruction in regard to the impeachment and corroboration of witnesses. In so far as they correctly stated the law they were sufficiently covered by the charge.

3. Where in answer to questions propounded by the solicitor-general certain evidence was elicited from a witness, but upon objection by counsel for the accused such evidence was excluded and the presiding judge instructed the jury that it was withdrawn from their consideration and should have no weight with them and should be given no consideration by them, there was no error in declining to grant a mistrial upon motion because such evidence had been heard by the jury.

4. Where the accused was upon trial under an indictment charging him with the murder of his wife, the jury having authority, in case of a conviction, to find him guilty without a recommendation to mercy, or to recommend him to life imprisonment (Penal Code (1910), § 63), it was competent to introduce evidence tending to show that at the time of the homicide the woman was in an advanced and apparent state of pregnancy, as bearing upon the enormity of the offense and furnishing ground for the consideration of the jury in determining whether or not a recommendation to life imprisonment would be proper.

5. Some of the grounds of the motion for new trial complained of the admission of evidence, but did not sufficiently state the ground of the objection which was urged to its admission.

6. Where on the trial of a criminal case the rule for the sequestration of witnesses was invoked, the fact that a witness who had been subpoenaed by the State was not called and sent out does not render him incompetent as a matter of law to testify, and it was not sufficient cause for the grant of a new trial that the court allowed him to testify as to the bad character of a witness for the defendant, the evidence being offered for the purpose of impeaching such witness. See, in this connection, *Taylor* v. *State*, 132 *Ga.* 235 (63 S. E. 1116); *Davis* v. *State*, 120 *Ga.* 843 (48 S. E. 305), and cases cited.

7. None of the other grounds of the motion for new trial are of such character as to require a new trial or elaboration.

*Judgment affirmed. All the Justices concur.*
APRIL 12, 1911.  REHEARING DENIED MAY 12, 1911.

Indictment for murder. Before Judge Morris. Fannin superior court. November 7, 1910.

*O. R. DuPree* and *Gober & Griffin*, for plaintiff in error.

*H. A. Hall, attorney-general, J. P. Brooke, solicitor-general*, and *J. Z. Foster*, contra.