### Jones v. The State.

ATKINSON, J. 1. The evidence in behalf of the State tended to show that the accused was the aggressor, attacking the deceased without provocation, and shooting him several times with a pistol, producing mortal wounds. They were in a crowded car; and when the shooting commenced, the deceased seized the accused and they struggled with each other until after the shooting was over, which terminated by the deceased being thrown from the car, falling upon his head while the train was in motion. The train was stopped in about 200 yards and backed to where the deceased was lying. He was seen to make one struggle and then to expire. The defendant offered no evidence, but made a statement to the jury to the effect that the deceased was the assailant, having without provocation fired a pistol at the accused, who shot in self-defense. *Held:* (a) The evidence did not authorize a charge upon the law of voluntary manslaughter. (b) The only possible basis for a charge on the law of involuntary manslaughter was the evidence tending to show that the decedent was killed by being unintentionally thrown from the car. There was no charge in the indictment covering this theory; the allegation being that the homicide was committed by shooting with a pistol. Under such indictment the accused could not be convicted of murder or any lesser grade of homicide by proof of death of the deceased by being thrown from the car. Under this view,

it is unnecessary to decide whether the evidence tending to show death by throwing the deceased from the car was sufficient upon which to base a charge upon the law of involuntary manslaughter.

2. The evidence as to the manner in which the deceased was killed being as indicated in the preceding note, the judge charged the jury that the indictment alleged that the accused killed the deceased by, "shooting him with a pistol," and "to this bill of indictment the defendant has entered a plea of not guilty, which makes up an issue for the jury to try." After charging generally upon the law of murder, the court further instructed the jury: "Now, as to what was the cause of the death of the deceased, you must look to the evidence and determine what caused his death, whether it was the shooting or whether it was the throwing of him from the train; and in considering that question you may apply your observation of human conduct and human experience from the connection of cause and effect. It is not necessary that it be shown to you absolutely and beyond all doubt, or beyond any doubt, that the firing of the pistol killed him, deceased, but you must be satisfied of such facts beyond a reasonable doubt." *Held*, that in view of this charge there was no merit in the ground of the motion for new trial complaining of the omission of the judge, without request, to instruct the jury "that if they should believe from the evidence in the case that the deceased was killed by the defendant by being thrown from the moving train by the defendant, then under the indictment and evidence he could not be convicted." *Josey* v. *State*, 137 *Ga.* 769 (3), 773 (74 S. E. 282).

3. Even if the case involved circumstantial evidence, there being also direct evidence upon all the issues in the case, there was no error in omitting to charge on the law of circumstantial evidence. *Nobles* v. *State*, 127 *Ga.* 212 (5), 217 (56 S. E. 125).

4. "While one is attempting, without provocation, to commit a felony on another, the latter will not be justified in killing the former, unless there is a necessity to do so to prevent the commission of such felony, or the circumstances are such as to excite the fears of a reasonable man that such necessity exists, and the slayer really acts under the influence of such fears in killing his assailant." *Lyens* v. *State*, 133 *Ga.* 587 (66 S. E. 792). The request to charge as contained in the second ground of the amended motion for new trial, attempting to apply the foregoing principle, was inaccurately stated, and there was no error in refusing to charge as requested.

*Judgment affirmed. All the Justices concur.*

No. 454. November 16, 1917.

Indictment for murder. Before Judge Worrill. Miller superior court. April 24, 1917.

*W. I. Geer,* for plaintiff in error.

*Clifford Walker,* attorney-general, *B. T. Castellow,* solicitor-general, *R. R. Arnold, P. D. Rich,* and *M. C. Bennet,* contra.