### 15012.   BROADNAX, *alias* GRASSY, v. THE STATE.

If the court erred in admitting evidence as to the alleged dying declara-
tion, the error was rendered harmless by an admission made by the
accused in his statement at the trial.

Under the evidence as to the homicide, which was committed by throwing
a piece of a brick at the deceased, the accused was guilty of murder
or of voluntary manslaughter; and the court did not err in not
charging the jury on the law as to involuntary manslaughter in the
commission of an unlawful act.   (LUKE, J., dissents.)

     DECIDED MARCH 6, 1924.

Conviction of voluntary manslaughter; from Colquitt superior
court—Judge W. E. Thomas.   September 1, 1923.

 *James L. Dowling,* for plaintiff in error.

 *C. E. Hay, solicitor-general, Eva. L. Hay,* contra.

PER CURIAM. 1. It is complained that the court erred in ad-
mitting in evidence an alleged dying declaration.   The brief of evi-
dence discloses that the deceased was killed with a brickbat thrown
from the rear, that the blow rendered him unconscious, and that
upon regaining consciousness his first inquiry was as to why a
certain person other than the defendant had struck him.   He was
then told that the brick bat was thrown by the defendant, and not
by the other person.   Upon ascertaining this fact he made the dying

declaration, the admission of which is complained of. The gist of the complaint was that the deceased was stating what he had learned from others, and not what he claimed to know of his own knowledge. Conceding, but not deciding, that the admission of such evidence was error, the error was rendered harmless by the defendant's admission, in his statement to the jury, that he had inflicted the mortal wound. *Garnett* v. *State,* 10 *Ga. App.* 109 (5) (72 S. E. 951).

2. It is complained that the court erred in failing to charge the jury the law of involuntary manslaughter in the commission of an unlawful act. The undisputed evidence showed that the deceased and the defendant had a quarrel and a fight, that the defendant threatened to kill the deceased, that he (the defendant) broke a brickbat into two pieces and put them in his pocket, and about an hour or two afterwards hit and killed the deceased with one of the pieces of the brickbat. The undisputed evidence also showed that the defendant was an expert thrower with rocks and bricks, and had killed birds and animals with them. Under these facts the defendant was guilty of murder or of voluntary manslaughter, and the court did not err in failing to charge the law of involuntary manslaughter in the commission of an unlawful act.

3. The evidence authorized the defendant's conviction, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

LUKE, J., dissenting. I cannot agree to a judgment of affirmance in this case, for, under all the facts adduced upon the trial, I am of the opinion that the law of involuntary manslaughter was involved, and consequently it was reversible error for the trial judge to fail to instruct the jury on this subject. See *Jordan* v. *State,* 124 *Ga.* 780, 781 (53 S. E. 331) ; *Dorsey* v. *State,* 126 *Ga.* 634 (55 S. E. 479).