McCULLOUGH *v.* THE STATE.

No. 9481. JULY 12, 1933.

*Chester A. Byars* and *R. A. Hartley,* for plaintiff in error.

*M. J. Yeomans, attorney-general, E. M. Owen* and *W. H. Connor, solicitors-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general, J. W. Culpepper,* and *F. A. Sams,* contra.

BELL, J. Andrew McCullough was convicted of the offense of murder in the killing of W. B. Baker. The court refused a new trial, and he excepted. The motion for a new trial contained the usual general grounds and three special grounds; but the first special ground is not referred to in the brief of counsel for the plaintiff in error, and is treated as abandoned.

The second special ground was as follows: "The court erred in not placing witnesses in such place that they could not hear other witnesses as they were being interrogated upon the stand. That witnesses were put in a room just behind the witness-stand with nothing to prevent all witnesses hearing the testimony of each and every witness; except the fact that a thin wooden door was between the witness-stand and the premises occupied by the other witnesses." The judge made the following note to this ground: "The witnesses were put under the rule. The only available place to put them, and the place used for the past 18 years since I have been on the bench, was the jury room—a lathed and plastered room to the right and rear of the bench and witness-stand. A bailiff was put at the door, which was kept closed at all times."

From the foregoing it does not appear that any witness heard the testimony of any other witness, nor therefore that substantial sequestration was not accomplished. Certainly it is not apparent that any error was committed by the trial court. In *Davis* v. *State*, 120 *Ga.* 843 (2) (48 S. E. 305), this court said: "On the trial of a criminal case, where the rule for the sequestration of witnesses has been invoked, the fact that one offered as a witness has heard the testimony given by other witnesses does not render his testimony incompetent; and the admission of the evidence of such a witness is not cause for a new trial." As stated above, the motion here even fails to show that "such a witness" testified. Nor would the case be different if we ignored the rule that a ground of a motion for a new trial must be complete within itself. On this point the most that is shown by the brief of evidence is that one witness, though able to hear voices in the court-room, could not understand what was said. See, in this connection, *Betts* v. *State*, 66 *Ga.* 508 (3); *Taylor* v. *State*, 132 *Ga.* 235 (2) (63 S. E. 1116); *Whigby* v. *Burnham*, 135 *Ga.* 584 (2) (69 S. E. 1114); *Withrow* v. *State*, 136 *Ga.* 337 (6) (71 S. E. 139); *Groover* v. *Simmons*, 161 *Ga.* 93 (2) (129 S. E. 778); *Pope* v. *State*, 42 *Ga. App.* 680 (7) (157 S. E. 211).

■ In the third special ground error was assigned upon a portion of the charge relating to dying declarations. While the motion alleged that this charge was misleading and confusing and "not sound as an abstract principle of law," there was no allusion to these assignments in the brief, and they too will be treated as abandoned. But a further exception that the charge was not authorized by the evidence was duly argued, and that question is before the court for consideration. It is insisted that the record fails to show that the deceased was ever informed or knew that he was in a dying condition, and that for this reason it was error to instruct the jury upon the subject; notwithstanding there was evidence of a statement made by the deceased a short time before his death. The evidence showed the following facts: The deceased owned and resided upon a farm in Fayette County. On a certain afternoon he received a message that a disturbance was taking place at the house of one of his laborers. He and a son, Dr. Pope Baker, immediately went to the scene in an automobile, and found the defendant Andrew McCullough, and his son Alvin McCullough, on or near the premises. As the deceased stepped out of the car, he was shot with a pistol by Andrew McCullough, the bullet entering and penetrating his abdomen. On receiving this wound, the deceased "threw up his hands and fell in a sort of sitting posture." Dr. Pope Baker was also shot by the defendant. The deceased and Dr. Baker presently got back into the car and returned to his home. The deceased died about three hours later while being carried to Atlanta in an ambulance. Tom Woolsey, as a witness for the State, testified as follows: "I knew Mr. W. B. Baker. . . I saw Mr. Baker that afternoon. I saw him in bed in his room; that was after the shooting. He was in his right mind, but I don't know how long he lived after that. He made a statement while I was there. He was conscious of his condition. When I walked in the room to the foot of his bed, he said, 'Lord have mercy, Tom, do something, the old man McCullough shot me right here;' and he says 'They have already killed Pope too.' And I says, 'Mr. Baker, what can I do?' and he says, 'You go tell Sheriff Adams that I said for the Lord's sake to do something with the McCulloughs.' He didn't say any more. I turned and come out and come on to Fayetteville and told Mr. Adams what he said. I did not get in the ambulance to go with them. I didn't ask him anything but this, I

asked him what I could do; that is all I asked him. He told me old man McCullough shot him. His exact language, 'The old man McCullough shot me right here.' I saw the wound."

There is no contention that the deceased was not in fact in a dying condition, and his statement, "they have already killed Pope too," indicated a consciousness that he himself had been mortally wounded. "It is not necessary that the person whose statements are sought to be introduced should express himself as believing that he is in a dying condition. Consciousness of his condition may be inferred from the nature of his wound, or from other circumstances." *Anderson* v. *State,* 122 *Ga.* 161 (50 S. E. 46). "A prima facie case is all that is necessary to carry dying declarations to the jury. When this has been made out, the declarations are admitted, and the ultimate determination as to whether or not the person making them was in articulo mortis and realized that death was impending is for the jury." *Findley* v. *State,* 125 *Ga.* 579 (54 S. E. 106). See also *Johnson* v. *State,* 169 *Ga.* 814 (3) (152 S. E. 76); *Rounds* v. *State,* 174 *Ga.* 308 (2) (162 S. E. 696). The charge on dying declarations was fully authorized by the evidence.

■ There was no merit in the general grounds of the motion for a new trial. Under the State's evidence the defendant shot and killed the deceased without the slightest excuse or provocation. The defendant introduced no testimony, but relied solely upon his statement. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*