### COLE v. THE STATE.

BELL, J. 1. There being some direct evidence of the defendant's guilt, the court did not err in failing to charge the jury on the law of circumstantial evidence. *Brannon* v. *State*, 140 *Ga.* 787 (7) (80 S. E. 7); *Wilson* v. *State*, 152 *Ga.* 337 (110 S. E. 8); *Crumady* v. *State*, 168 *Ga.* 457, 463 (148 S. E. 157).

2. There is no merit in the contention that the court should have instructed the jury that if they found that no confession was made, "the case would stand entirely and wholly upon circumstantial evidence, in which case the rule of evidence as laid down in section 1010 of the Penal Code of Georgia would be the rule of law for the jury to follow" in reaching a verdict. There was some direct evidence of the defendant's guilt, independently of any confession. See *Smith* v. *State*, 125 *Ga.* 296 (54 S. E. 127).

3. The evidence authorized the verdict, and the court did not err in refusing a new trial. · *Judgment affirmed. All of the Justices concur.*

No. 9884. MARCH 14, 1934.

*Joseph E. Webb* and *Carlisle Cobb,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Henry H. West, solicitor-general, B. D. Murphy* and *John T. Goree, assistant attorneys-general,* contra.