BOWEN *v.* THE STATE.

No. 10948.   November 14, 1935.

*L. Z. Dorsett* and *Otis L. Davis,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Hal C. Hutchens, solicitor-general, B. D. Murphy, E. J. Clower,* and *Astor Merrill,* contra.

Bell, Justice.   ■   The court did not err in refusing a request to charge "that each juror should decide for himself upon his oath what his verdict should be, and that no juror should yield his deliberate conscientious convictions as to what his verdict should be, either by the instance of a fellow-juror or of the majority; that no juror should yield his honest convictions for the sake of unanimity, or to avert the disaster of a mistrial." The jury are to act as a body, and should be charged as a body. The individual jurors are not to be addressed in a way to discourage mental harmony and concert, and it is not incumbent on the court to stimulate their individuality by charging that each juror should decide for himself what his verdict should be. *Smith* v. *State,* 63 *Ga.* 170; *Fogarty* v. *State,* 80 *Ga.* 450 (3), 454 (5 S. E. 782).

■   The defendant assigned as error the refusal of a request to charge as follows: "I charge you that the accused would not be guilty if the killing was done under some irresistible impulse, the result of a diseased and disordered mind, which overcame his will and took away his power of self-control, provided the act itself was connected with the particular delusion, if any, under which he was laboring at that time." The judge charged the jury as to insanity, in part, as follows: "Now, gentlemen, on the question of insanity, the general rule is that if a man has mind enough, has mind and reason sufficient to distinguish between right and wrong in relation to a particular act about to be committed, he is criminally responsible. An exception to this rule, however, is where a man has reason to distinguish between right and wrong as to a particular act about to be committed; yet, in consequence of some delusion or some disorder of the mind, his will is overmastered and

there is no criminal intent, provided that the act itself is connected with the particular delusion or disorder under which the person is laboring." In view of the charge as thus given, the court did not err in refusing to instruct the jury as requested. See *Roberts* v. *State,* 3 *Ga.* 310 (3) ; *Carr* v. *State,* 96 *Ga.* 284 (22 S. E. 570) ; *Mars* v. *State,* 163 *Ga.* 43 (4), 51 (135 S. E. 410) ; *Hargroves* v. *State,* 179 *Ga.* 722 (3) (177 S. E. 561).

■  A conspiracy may be shown by direct as well as circumstantial evidence. The evidence authorized the charge on the law of conspiracy. *Chance* v. *State,* 156 *Ga.* 428 (3a) (119 S. E. 303), and cit.; *Weldon* v. *State,* 158 *Ga.* 140 (5) (123 S. E. 217).

■  An admission of participation in a shooting which resulted in the death of another person is to be taken as direct, and not as mere circumstantial evidence. *Eberhart* v. *State,* 47 *Ga.* 598 (8) ; *Perry* v. *State,* 110 *Ga.* 234 (3), 238 (36 S. E. 781) ; *Greer* v. *State,* 159 *Ga.* 85 (6), 94 (125 S. E. 52). The State introduced evidence of statements by the defendant in which he admitted shooting the deceased. There being thus some direct evidence of the defendant's guilt, the court did not err in omitting to charge the jury on the law of circumstantial evidence. See *Strickland* v. *State,* 167 *Ga.* 452 (145 S. E. 879) ; *Cole* v. *State,* 178 *Ga.* 674 (173 S. E. 655).

■  The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*