RICKS *v.* THE STATE.

No. 17790. SUBMITTED MARCH 10, 1952—DECIDED APRIL 14, 1952.

*H. Alonzo Woods*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *J. R. Parham*, Assistant Attorney-General, and *W. H. Lanier*, Solicitor-General, contra.

HEAD, Justice. ■ In the first ground of the amended motion for new trial error is assigned because the court allowed Walter M. Lamb, Chief of Police of Swainsboro, to testify in rebuttal of the defendant's statement, when this witness had not been put under the rule relative to the sequestration of witnesses.

The defendant in his statement asserted that the deceased was making an attack on him with a knife at the time that he shot the deceased, and the defendant displayed scars on his person

which he claimed were caused by the knife wounds inflicted on him by the deceased. The witness Lamb, called by the State in rebuttal of the defendant's statement, testified that the defendant had been in his custody on a number of occasions, and that the scars which the defendant exhibited were on his body prior to the date of the homicide. Counsel for the defendant objected to the admission of this testimony, stating that at the commencement of the trial this witness had told the court in the presence of the prosecutor that he was not interested in the case and would not be a witness, and the witness, therefore, was not put under the rule which the defendant had invoked. The solicitor-general stated to the court that he did not know that he would need to call Lamb as a witness until the defendant had made his statement in regard to the scars on his body.

In *Hanvey* v. *State*, 68 *Ga.* 612 (3), it was held: "Witnesses who have not been called and put under the rule may testify in rebuttal of a prisoner's statement, where the court is satisfied that the ends of justice require it."

Clearly, in view of the record in this case, the trial judge did not abuse his discretion in allowing this witness to testify in rebuttal of the defendant's statement, although the witness had heard the evidence on the trial. Code, § 38-1703; *Bone* v. *State*, 86 *Ga.* 108 (10) (12 S. E. 205); *May* v. *State*, 90 *Ga.* 793, 800 (17 S. E. 108); *Davis* v. *State*, 120 *Ga.* 843 (48 S. E. 305); *Taylor* v. *State*, 132 *Ga.* 235 (63 S. E. 1116); *Withrow* v. *State*, 136 *Ga.* 337, 338 (71 S. E. 139). The court did not err in overruling this ground of the motion for new trial.

■ The second special ground is as follows: "Movant contends the court failed to charge the jury relative to the defendant's constitutional rights after having allowed the said Lamb to testify as aforesaid. This . . was harmful error, prejudicial and harmful to movant to the extent that a new trial should be granted." This ground fails to show what instructions regarding the constitutional rights of the defendant the court should have given, and is, therefore, incomplete.

■ The third special ground asserts that there were external circumstances surrounding the case which would have excited the fears of a reasonable man, and that the court should have charged relative to circumstantial evidence.

"A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon." *Williams* v. *State,* 196 *Ga.* 503 (26 S. E. 2d, 926); *Day* v. *State,* 133 *Ga.* 434 (66 S. E. 250); *Hegwood* v. *State,* 138 *Ga.* 274 (75 S. E. 138); *Brannon* v. *State,* 140 *Ga.* 787, 788 (7) (80 S. E. 7); *Hicks* v. *State,* 146 *Ga.* 221 (4) (91 S. E. 57); *Jones* v. *State,* 147 *Ga.* 356, 357 (3) (94 S. E. 248); *Cole* v. *State,* 178 *Ga.* 674 (173 S. E. 655); *Bowen* v. *State,* 181 *Ga.* 427, 428 (4) (182 S. E. 510); *Blocker* v. *State,* 185 *Ga.* 322 (2) (195 S. E. 207); *Swint* v. *State,* 203 *Ga.* 430 (3) (47 S. E. 2d, 65).

In the present case, the State introduced the testimony of two persons who stated that they saw the defendant shoot the deceased. The defendant in his statement contended that the shooting was in self-defense. Every element of the State's case was proved by direct evidence. The court charged the jury on "the fears of a reasonable man." It was not erroneous to fail to charge on circumstantial evidence.

4. The jury was amply authorized to find from the evidence that the defendant killed the deceased, and that the killing was without justification, mitigation, or excuse. The court did not err in overruling the general grounds of the motion for new trial.

*Judgment affirmed. All the Justices concur.*