18607. Green v. The State.

Duckworth, Chief Justice. Henry Green was indicted, tried, and convicted of the murder of Nervie Cooper, without a recommendation of mercy, in Worth Superior Court. A motion for new trial, as amended by adding four special grounds, was overruled, and the exception here is to that judgment. *Held:*

1. Conceding but not deciding that the testimony of the witness that the deceased, approximately 45 minutes before she died, said that she was shot by the accused, was not admissible as a dying declaration, any error committed was rendered harmless by the defendant's unsworn statement in which he admitted that he shot the deceased. *Broadnax* v. *State*, 31 *Ga. App.* 736 (122 S. E. 96); *Carrigan* v. *State*, 206 *Ga.* 707 (4) (58 S. E. 2d 407); *Seymour* v. *State*, 210 *Ga.* 21 (2) (77 S. E. 2d 519). Accordingly, there is no merit in the first special ground of the amended motion, complaining of the allowance of this testimony in evidence.

2. Since the State did not rely upon circumstantial evidence alone, there being direct evidence of the guilt of the accused, the court did not err in failing to charge that, before a conviction could be had upon circumstantial evidence alone, the proven facts must not only be consistent with guilt but must exclude any other reasonable theory or hypothesis save the guilt of the accused. See *Harris* v. *State*, 152 *Ga.* 193 (108 S. E. 777); *Bowen* v. *State*, 181 *Ga.* 427 (4) (182 S. E. 510). The second special ground, complaining of the court's failure to thus instruct the jury, is therefore without merit.

3. Where there is evidence showing that the defendant admits the killing, and he states no facts or circumstances of excuse or justification, or gives reasons which are insufficient, if true, to constitute a legal excuse or justification, the admission or statements amount to a confession of guilt and authorize a charge on that subject. *Edmonds* v. *State*, 201 *Ga.* 108, 123 (39 S. E. 2d 24); *Harris* v. *State*, 207 *Ga.* 287 (61 S. E. 2d 135). Immediately after the shooting, the accused was asked why he did it. One witness stated his reply was, "I done bout killed de little girl, and shot Miss Nervy. I done messed up." Another witness testified his answer was, "Uncle Henry, you know I wasn't going to let her kill me." Another admission was made to the sheriff by the accused after his arrest, in which he stated that the deceased carried a "cutter" (sharp pointed turpentine tool) in her bosom, and that when she reached in her bosom he started shooting, and his unsworn statement to the jury was that he shot her in self-defense. None of these statements amounts to a confession wherein he acknowledged himself to be guilty of the offense charged, but they only admit the fact that he shot the deceased, and the court erred in charging the law of confessions, the effect of such charge being to instruct the jury that they might believe from the above a confession had been made, when in fact none of these admissions constitutes a confession. See *Owens* v. *State*, 120 *Ga.* 296 (48 S. E. 21). The error was harmful to the accused, and the third special ground of the amended motion complaining thereof is meritorious.

4. The fourth special ground complains of a charge of the court that, if the jury believes from all the facts and circumstances and the defendant's statement that there was a mutual intention to fight or mutual combat, in order for the defendant to claim self-defense, it must appear that the danger was so urgent and pressing at the time of the killing that, in order to save his own life, the killing of the deceased was absolutely necessary, the complaint being that the instruction was not authorized by the evidence. The evidence was totally silent as to any

participation of the defendant in any combat or of a mutual intention to fight, and the charge was confusing to the jury, and, if the evidence is the same upon another trial, no reference to "mutual combat" should be made in the charge.

5. Since the court erred in charging the jury as pointed out in headnote 3 above, which requires a new trial, and the evidence on another trial of the case may not be the same, no ruling is made on the general grounds.

*Judgment reversed. All the Justices concur; Duckworth, C. J., and Candler, J., concur specially.*

SUBMITTED JUNE 14, 1954—DECIDED JULY 13, 1954.

*Robert B. Williamson,* for plaintiff in error.

*J. Bowie Gray, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

DUCKWORTH, Chief Justice, specially concurring. The evidence supports the verdict, and the accused insists upon a ruling on the general grounds, and I think this court should do so. Mr. Justice Candler concurs in this special concurrence.