## 67233. HALLMARK v. THE STATE.

BIRDSONG, Judge.

Dan Thomas Hallmark was convicted of driving under the influence of intoxicants. He was sentenced to serve twelve months and to pay a $1,000 fine. He brings this appeal enumerating as the sole error the refusal of the trial court to charge the jury as requested upon the rule that circumstantial evidence must exclude every reasonable hypothesis except that of guilt. See OCGA § 24-4-6 (Code Ann. § 38-109). The court did charge that the jury must find beyond reasonable doubt that the appellant was the driver of the car at the time of the accident involved. *Held:*

The factual setting of this case shows that a large semi-trailer was attempting to make a turn from a road into the parking area of a motel around midnight. The manager of the motel previously had experienced damage to the entrance to the motel by large trucks driving into the parking area of the motel. Therefore, the manager was standing next to the entrance directing the truck driver. The manager saw a passenger car approaching from the rear of the truck at apparently too fast a rate of speed and crash into the truck. The manager had a clear, unobstructed and continuous view of the passenger car from before it struck the truck until a police car fortuitously passing arrived at the scene of the wreck within about a minute of the crash.

The manager testified he saw that only one person was in the car, in the driver's seat. While he could not physically see the driver's side of the car, he could see through the passenger side and see that only one person was in the car. He did not see anyone leave the car. He walked over to the driver's side at about the same time as the truck driver and observed the driver was still seated behind the wheel and that both the passenger and driver doors were still closed. A police officer ascertained that the driver's foot was caught in the pedals of the floor board and had to be freed by the emergency medical personnel who came upon the scene a few minutes later. The appellant Hallmark was identified unequivocally as the person who was in the driver's seat. He stated to the police officer that he did not see the truck. In his defense, appellant contended that his cousin was driving the car and that he (appellant) was asleep at the time of the accident.

Hallmark contends that because the motel manager did not

identify the driver as appellant, the state's evidence was circumstantial. However, the manager's testimony was positive and direct that there was only one person in the car and he did not see anyone else leave the car. That one person was the driver and the driver was unequivocally identified as the appellant.

It is not error to fail to charge on circumstantial evidence where the state does not rely *solely* on circumstantial evidence. *Johnson v. State,* 235 Ga. 486 (3) (220 SE2d 448). Thus where, as here, there is some direct evidence, it is not harmful error to fail to charge on circumstantial evidence. *DePalma v. State,* 228 Ga. 272 (1) (185 SE2d 53). Appellant's assertion does no more than to convert an eyewitness observance into a controverted fact. It does not change direct evidence into mere circumstantial evidence. The issue raised by appellant was fully covered in the trial court's charge requiring the jury to be satisfied beyond reasonable doubt that the driver was in fact appellant Hallmark and not appellant's cousin. We find no error in the refusal to charge upon the principle of circumstantial evidence as requested.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 22, 1983.

*Larry W. Yarbrough,* for appellant.
*Herbert A. Rivers, Solicitor, J. Lynn Rainey, Assistant Solicitor,* for appellee.