### 70917. LEE v. THE STATE.
(338 SE2d 445)

BEASLEY, Judge.

The defendant appeals his conviction of driving under the influence of alcohol.

1. When viewed in a light most favorable to the verdict, the evidence was sufficient to enable any rational trier of fact to find the defendant guilty beyond a reasonable doubt.

2. The proof adduced regarding the elements of the crime for which the defendant was charged and convicted consisted both of circumstantial and direct evidence.

(a) Since the evidence was not wholly circumstantial, the trial court did not err in refusing to give defendant's request to charge on the ambiguous, much questioned and maligned "two theories" principle. *Griffis v. State*, 163 Ga. App. 491, 492 (2) (295 SE2d 197) (1982); *Lang v. State*, 171 Ga. App. 368, 370 (3) (320 SE2d 185) (1984).

(b) It has long been the rule in this state that where the guilt of defendant depends wholly upon circumstantial evidence it is error to fail to instruct the jury on the circumstantial evidence rule now embodied in OCGA § 24-4-6 even in the absence of a written request. *Middleton v. State*, 7 Ga. App. 1 (1) (66 SE 22) (1909). Often cases used broad language in explaining the principle by stating that a charge on circumstantial evidence was not required (in the absence of a written request) where the state relies upon direct and circumstantial evidence. *Nobles v. State*, 127 Ga. 212 (5) (56 SE 125) (1906).

However, as explained in *McGruder v. State*, 213 Ga. 259, 262 (4) (98 SE2d 564) (1957) the requirement is more specific than seems apparent from the general language often used. It is not just the fact that there may be both direct and circumstantial evidence in the case but there must be some direct evidence on each of the essential elements of the crime charged; otherwise the failure to charge on circumstantial evidence is error even without a proper written request. Accord *Jones v. State*, 147 Ga. 356 (3) (94 SE 248) (1917); *Ward v. State*, 184 Ga. 566 (1) (191 SE 916) (1937).

Where there was both direct and circumstantial evidence and a proper written request the law was recognized, both directly and by indirection, to be that it was error to refuse the request. *Jones v. State*, 91 Ga. App. 662 (86 SE2d 724) (1955); *Julian v. State*, 134 Ga. App. 592, 599 (6) (215 SE2d 496) (1975); *Hancock v. State*, 158 Ga. App. 829, 830 (1) (282 SE2d 401) (1981).

Nevertheless, in *Arnett v. State*, 245 Ga. 470, 473 (4) (265 SE2d 771) (1980) the Supreme Court considered an appeal where there had been circumstantial evidence on at least one element and a refusal to charge Code Ann. § 38-109 (now OCGA § 24-4-6) as requested. The Court held: " 'An instruction on circumstantial evidence is required only when the case is totally dependent upon circumstantial evidence.' " Two of the cases cited failed to show whether any request was made and the third reveals expressly that there was no request. See *Bryant v. State*, 229 Ga. 60 (1) (189 SE2d 435) (1972). None of these cases ever mentioned the rule of *McGruder*, 213 Ga. 259, supra.

Since the time of the *Arnett* decision, three Court of Appeals decisions have followed its precepts citing that case. See *Caylor v. State*, 155 Ga. App. 489, 491 (4) (270 SE2d 924) (1980); *Smith v. State*, 164 Ga. App. 624 (1) (298 SE2d 587) (1982); *Fuller v. State*, 166 Ga. App. 734, 735 (2) (305 SE2d 463) (1983). Three other decisions have applied the rule without reference to *Arnett*, supra. See *Bennett v. State*, 165 Ga. App. 600, 601 (4) (302 SE2d 367) (1983); *Hallmark v. State*, 169 Ga. App. 8, 9 (311 SE2d 219) (1983); *Griffith v. State*, 172 Ga. App. 255, 259 (2) (322 SE2d 921) (1984).

We are bound by *Arnett*, supra, under the principle that the latest Supreme Court decision is our lodestar. See *Hall v. Hopper*, 234 Ga. 625, 631 (3) (216 SE2d 839) (1975); *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975); *Edwards v. Edmondson*, 173 Ga. App. 353, 354 (326 SE2d 550) (1985). Thus, the failure to charge the contents of OCGA § 24-4-6 as requested by defendant in writing was not error.

3. The defendant was charged as a result of an incident at approximately 4:20 a.m. September 18, 1984, when the vehicle he was driving struck the rear of another vehicle causing extensive damage to both. In less than 5 minutes a police officer arrived at the scene and

found the defendant with a strong odor of an alcoholic beverage about him and bleeding from a severe cut on his forehead. The officer radioed for help and an emergency unit arrived shortly thereafter. The defendant was given first aid and because of his high blood pressure was taken to the hospital. There his cuts were stitched in the emergency room. After having taken the statements of the driver of the other vehicle and the defendant and having observed the defendant's behavior, the officer informed the defendant he was under arrest and charged with driving under the influence of alcohol or drugs.

The officer testified that the defendant was in the emergency vehicle being administered to and preparatory to being carried to the hospital and the officer "thought it best" if he waited until they arrived at the hospital before reading to defendant his "implied consent" rights. He stated it was his decision and defendant did nothing to prevent the reading of his rights. The officer related on cross-examination that he "thought it would be more convenient at the hospital."

After arriving at the hospital, the officer read to defendant his rights under OCGA §§ 40-5-55 and 40-6-392. The defendant refused to submit to a test. The officer re-read the "implied consent" form to the defendant and again received a negative response. The defendant further stated "he wasn't going to do anything until he talked to his attorney." Thereafter, the officer issued two citations to defendant and filled out a "refusal slip" and forwarded it to the Department of Public Safety.

Prior to trial defendant filed a motion in limine seeking to exclude from evidence the fact that defendant refused to permit a chemical analysis of his bodily substance to be made. Such refusal is specifically made admissible under OCGA § 40-6-392 (c). After a hearing the motion was overruled and defendant asserts as error that ruling as well as the admission into evidence, during trial, of his refusal.

OCGA § 40-6-392 (a) (4) provides in part: "The arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this Code section." Therefore, defendant contends since he was not informed at the time of his arrest evidence of his refusal to submit to a chemical test should have been excluded.

Were this a case of first impression it would appear that there could be no error harmful to defendant unless the information regarding his rights was not supplied to defendant prior to the test being administered to him. However, such is not the situation. In *Perano v. State*, 250 Ga. 704 (300 SE2d 668) (1983) the Supreme Court in answer to our certified questions has interpreted the statutory requirement. Instead of adopting a bright line test suggested by Chief Justice

Hill[1] the court adopted a case-by-case approach observing that "at the time of arrest" cannot be interpreted to mean sometime in the future. Thus, under ordinary circumstances the advice should be given at the time of the arrest "or at a time as close in proximity to the instant of arrest as circumstances might warrant." There because a fight broke out during the arrest the Supreme Court found that it was "not inappropriate . . . for the officer to advise [the defendant] of this right at the hospital prior to the administration of the state's test." The court held that the penalty for not advising at the time of the arrest was the inadmissibility of the state-administered test and that the state could not use the accused's refusal as a basis to suspend his driver's license under OCGA § 40-5-55 (c). *Perano*, id. at 708.

We interpret this to mean that the refusal here should be excluded if the advice was not given at the earliest time at or after arrest when it would be meaningful and defendant could make an intelligent choice. Obviously, the decision as to when to advise the accused cannot be at the officer's unbridled discretion and here the articulated thought of "convenience" by the officer would not suffice. However, there are several factors which might warrant the delay: the defendant was being treated for injury, having broken the windshield with his head, and was awaiting the trip to the hospital; he had just vomited; was dazed and nauseated; the officer was concerned and unsure about his condition; the officer decided to charge the defendant just before the ambulance was to leave for the hospital. The advice or warning was given to the defendant shortly after his arrival at the hospital. In context, the warning was given in close proximity to the arrest and its timing was warranted by the circumstances. Hence, evidence of the refusal to submit to testing was admissible and this ground does not furnish a basis for reversal.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 4, 1985 —
REHEARING DENIED NOVEMBER 20, 1985 — 

*William R. Ritchie*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Nancy H. Jackson, Assistant Solicitor*, for appellee.

---

[1] In the dissent Chief Justice Hill announced that he would hold that one need not be informed of the right to an additional test at the very time and scene of the physical arrest and that the requirements of OCGA § 40-6-392 (a) (4) are substantially satisfied if a defendant is advised of his right to an additional test prior to choosing whether to refuse or undergo the state-administered test. Dissent: *Perano v. State*, 250 Ga. 704, 708.