72376. DOWDELL v. THE STATE.
(349 SE2d 10)

BEASLEY, Judge.

Defendant appeals his jury conviction of simple assault (OCGA § 16-5-20) and the denial of his motion for new trial.

1. Defendant enumerates that the trial court erred in failing to render a directed verdict of acquittal, or, in the alternative, in failing to grant his motion for new trial as the evidence was insufficient to convict. The indictment charged aggravated assault. The court instructed the jury on the elements of that offense as well as the elements of the two types of simple assault.

Defendant did not make a motion for directed verdict so there is nothing for us to review in that regard. Nevertheless, whether a challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence, the test on appeal is that established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). That is whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

At trial the victim testified that defendant entered his co-worker's office, questioned him as to why he had been telling people that defendant was stealing, punched him in the face, and then chased him with a knife. The victim stated that he feared he would be killed. Another co-worker testified that he witnessed the chase with the knife. A third witness testified that the victim ran into his office after the incident asking that he call the police. This witness stated that defendant "was frightened and excited, out of breath." Defendant introduced evidence that he had actually been the victim and not

the aggressor, having been chased by the alleged victim with a piece of metal and hit on the hand.

Defendant's comparison on appeal of the credibility of the state's witness to that of defendant and his argument that the conviction is "manifestly against the weight of the evidence" are unpersuasive, considering all of the testimony. The credibility of the witnesses and the weight of the evidence are matters for jury determination. *Bragg v. State*, 175 Ga. App. 640, 642 (1) (334 SE2d 184) (1985). It resolved the conflicts. Our review on appeal is limited to a determination of the sufficiency of the evidence. *Thomas v. State*, 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985).

Viewing the evidence in a light most favorable to the verdict, the evidence is sufficient to find defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra. Hence, the trial court did not err in denying the motion for new trial. *Humphrey*, supra at 527.

2. Defendant's enumeration that the trial court erred in failing to charge the jury on circumstantial evidence, despite there being no request for it, lacks merit. Such an instruction is required only when the case is totally dependent upon circumstantial evidence. *Lee v. State*, 177 Ga. App. 8, 9 (2b) (338 SE2d 445) (1985). That is not the case here, since there was direct testimony of the pursuit with a knife.

3. In his final enumeration, defendant argues that the trial court erred in refusing to admit into evidence an investigative report by the Civil Service Board. We have reviewed the entire transcript, including that portion cited, referenced in defendant's appellate brief, and find no indication of an attempt to submit such a report into evidence. Thus, this enumeration presents nothing to review. Court of Appeals Rule 15 (c) (3); *Maddox v. State*, 174 Ga. App. 728, 733 (7) (330 SE2d 911) (1985); *Rogers v. State*, 155 Ga. App. 685 (1) (272 SE2d 549) (1980).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 10, 1986.

*Margaret H. Earls, L. James Weil, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, William W. Fincher, Assistant District Attorneys*, for appellee.