## 74345. MOTE v. THE STATE.
### (361 SE2d 523)

McMURRAY, Presiding Judge.

Defendant appeals from his conviction of the offense of child molestation. *Held*:

1. In his first enumeration of error defendant contends the trial court erred in the instructions given on good character.

The court gave the following charge on good character: "Now members of the jury, I charge you that in criminal cases the defendant is allowed, if he sees fit to do so, to offer evidence as to his general good character and when such evidence is offered, it is the duty of the jury to take that testimony along with all other testimony in the case in determining the guilt or innocence of the accused. Good character is a positive, substantiate act [sic] and of itself may be sufficient to generate in the minds of the jury a reasonable doubt as to the guilt of the accused. It is the duty of the jury to take any evidence of general good character along with all the other evidence in the case, and if in doing so, the jury should entertain a reasonable doubt as to the guilt of the defendant, they should acquit him. *Nevertheless, if the jury should believe the defendant guilty beyond a reasonable doubt, it would be your duty to convict, notwithstanding the evidence as to general good character.*" (Emphasis supplied.)

Defendant argues the emphasized language of the above charge

was erroneous in that it negated the trial court's earlier instruction that the defendant's good character could be considered "in determining the guilt or innocence of the accused." This argument was raised with regard to virtually the same language of the jury instruction on good character in *Morrow v. State*, 166 Ga. App. 883, 885 (3) (305 SE2d 626), and this court held: "[I]t has oft been held that good character affords no license for committing a crime, and it is entirely proper to charge the jury that they would be authorized to convict, notwithstanding proof of good character, if upon consideration of all the evidence they believe the defendant guilty beyond a reasonable doubt. See *Nunnally v. State*, 235 Ga. 693, 704 (8) (221 SE2d 547) (1975); *Favors v. State*, 228 Ga. 196 (3) (184 SE2d 568) (1971); *Brazil v. State*, 117 Ga. 32, 37 (3) (43 SE 460) (1902); *Sims v. State*, 84 Ga. App. 753, 756 (67 SE2d 254) (1951). The charge given by the court was an accurate statement of the law which fairly embodied the principles contained in the appellant's requested charge on the issue; consequently, it affords no ground for reversal of the conviction. See generally *Hall v. State*, 243 Ga. 207, 211 (7) (253 SE2d 160) (1979)." For the same reasons in the case sub judice, we find this enumeration of error to be without merit.

2. Next, defendant contends the trial court erred in failing to charge the jury on circumstantial evidence. "Such an instruction is required only when the case is totally dependent upon circumstantial evidence. *Lee v. State*, 177 Ga. App. 8, 9 (2b) (338 SE2d 445) (1985)." *Dowdell v. State*, 180 Ga. App. 250, 251 (2) (349 SE2d 10). In the case sub judice, there was direct testimony from the 9-year-old victim describing acts committed by defendant which constituted the offense of child molestation. Since each and every element of the crime of child molestation was shown by direct evidence, this enumeration of error is meritless. See *Lee v. State*, 177 Ga. App. 8, 9 (2b), supra.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 15, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987.

*William J. Sussman*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.