## CIRCUIT COURT OF LOUDOUN COUNTY

Terry Orr

v.

National Football
League Players'
Association et al.

December 30, 1993

Case No. (Chancery) 15460

BY JUDGE THOMAS D. HORNE

This matter is before the Court on Complainant's Motion for a Temporary Restraining Order and upon Defendant National Football League Players' Association application for a stay of further proceedings. Complainant, a professional athlete, asserts a threatened abridgement of his rights under the Virginia Right-To-Work Law. §§ 40.1–58 *et seq.*, Code of Virginia. The central issue of this case is whether Complainant's primary employment situs is located in Virginia or the District of Columbia.

### 1. *Standards for Entry of a Temporary Restraining Order*

Virginia Code § 40.1–67 states that "Any . . . person . . . injured as a result of any violation or threatened violation of any provision of this article [Virginia's Right-to-Work law] . . . shall be entitled to injunctive relief against any and all violators . . . ." This statutory remedy relieves the party seeking the injunction from establishing the traditional prerequisites to a temporary restraining order. *See, Virginia Beach S.P.C.A. v. South Hampton Roads Veterinary Ass'n*, 229 Va. 349, 349 S.E.2d 10, 13 (1985).

Even if Complainant were not seeking statutory relief in the form of a temporary restraining order, the Court believes that the prerequisites

for the entry of such an Order have been established in this case. First, based upon the affidavits submitted in this case, Complainant has shown a likelihood of success on the merits of his claim that his predominate job situs is in Virginia. *See, Oil, Chemical & Atomic Workers, International Union v. Mobil Oil Corporation*, 426 U.S. 407 (1976). Second, Complainant has shown irreparable harm in that he will be suspended without pay from this week's game, as well as all future games, until the union dues are paid. Third, the balance of hardships is in the Complainant's favor. Additionally, the Court observes the significant public interest, expressed by the General Assembly, in enforcing its "right-to-work" law.

### 2. *Parties to this Action*

Complainant, Terry Orr, is a resident of Virginia and a full-time professional athlete for the Washington Redskins. Mr. Orr is *not* a member of the National Football League Players' Association ("NFLPA"), the primary Defendant in this action. Also named as a Defendant is Gene Upshaw, the President of NFLPA. The NFLPA is a labor organization which represents professional athletes employed by the 28 franchises of the National Football League.

Mr. Orr also seeks an injunction against Pro Football, Inc., d/b/a the Washington Redskins, and its General Manager, Charles Casserley. Pro Football, Inc., has taken the position that it does not oppose Complainant's Motion for a restraining order and has requested that this Court issue an Order enjoining it from taking any action in violation of Virginia's Right-to-Work laws.

### 3. *Arbitrator's Decision*

On December 29, 1993, labor arbitrator Herbert Fishgold concluded in a matter between the NFLPA and the Washington Redskins that the District of Columbia is the job situs of the employment relationship between the Washington Redskins and its players. Thus, Virginia's Right-to-Work laws were inapplicable to the labor agreement between the players and the Washington Redskins. Such decision is not binding on Mr. Orr or on this Court. Pursuant to the provisions of § 40.1–64, Code of Virginia:

> The provisions of this article (Article 3 of Title 40.1-63) . . .
> shall apply in all respects to contracts entered into [after April

30, 1947] and to any renewal or extension of an existing contract.

Mr. Orr is not a party to the contract or arbitration agreement between the NFLPA and the NFL Management Council. Accordingly, any provisions relating to arbitration in such agreement are not binding on the Complainant in these proceedings.

### 4. Complainant's "Predominate Job Situs"

· The controlling decision in this case is *Oil, Chemical & Atomic Workers, International Union v. Mobil Oil*, 426 U.S. 407 (1976). In his decision, Justice Marshall concluded that it is the employee's "predominant job situs" rather than a generalized weighing of factors which triggers the operation of Section 14(b) of the National Labor Relations Act. Section 14(b) authorizes states to enact "right-to-work" laws prohibiting union or agency shop agreements requiring membership in a labor organization as a condition of employment.

Defendant NFLPA elects to predicate its argument on the Court's description of "predominant job situs" as the place where the "very *raison d'etre* of the relationship (between employer and employee) is performed." It suggests, as the arbitrator found, that the *raison d'etre* of the employment relationship between the Redskins and its players is the playing of football games against other NFL teams. Thus, as the Redskins play at least half of their regular season games at home, the predominant job situs of Mr. Orr and his fellow players is the District of Columbia.

Mr. Orr suggests that the location where he spends the majority of his time working for the Redskins pursuant to his contract is his "predominant job situs." He finds support for his position in the following:

> We hold that under § 14(b), right-to-work laws cannot void agreements permitted by § 8(a)(3) when the situs at which all employees covered by the agreement perform *most of their work* (emphasis added) is located outside of a state having such laws. *Oil, supra*, at 414.

The Court, based upon the evidence before it, concludes that the interpretation urged by the Complainant is compelling. Mr. Orr, according to his affidavit, spends at least 90% of the time required to perform his contract with the Redskins at the Loudoun County, Virginia, job site. He asserts that practice at that location is an integral part of his

employment. It is an integral part of his employment as a professional athlete.

It is the Court's opinion that the affidavits filed in this case show that Complainant's predominant job situs is Virginia.

### 5. *Conclusion*

The Court will grant Complainant's Motion for a Temporary Restraining Order in accordance with his prayer for relief (§ 40.1–58 *et seq.*). The motion for a stay filed by the NFLPA is denied. Counsel for the Complainants may draw a Decree consistent with this opinion to which counsel for the NFLPA may note his exception. The decree should provide that the injunction shall be effective immediately upon the posting of a bond with surety acceptable to the Clerk in the amount of $1,000.00 and shall expire at 5:00 p.m., January 7, 1994, unless otherwise enlarged. The case will be continued to that date for further scheduling. §§ 8.01–624, 8.01–631.