## 56151. ALLEN v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of voluntary manslaughter.

On appeal he contends that the trial court erred in not granting his motion for directed verdict of acquittal and that the trial court's failure to give the jury instructions on involuntary manslaughter, which he requested, constituted reversible error. *Held:*

1. The defendant, his daughter, the deceased, and another woman, Irma Foster, were all present in defendant's kitchen. Foster and the daughter engaged in some heated conversation. The daughter left and went to an adjoining bedroom. Foster followed her into the bedroom to apologize. The defendant then entered and stated to Foster to "leave my baby alone." Foster and the defendant left the bedroom and returned to the kitchen. Another witness at this time testified that he heard defendant and the victim talking to one another in loud

voices. The victim was then observed picking up an axe handle and drew it back as if to strike the defendant. Defendant withdrew a pistol from his pocket and shot at the floor toward the victim's feet. Foster then stepped in between the two, grabbed the defendant's wrist trying to hold it down, implored him to cease, but defendant overpowered her and fired a second shot, killing the victim. Defendant presented no evidence. This evidence was sufficient to authorize the verdict. Thus as the evidence did not demand an acquittal as a matter of law, it was not error to deny the motion for directed verdict.

2. The trial court charged on the law of self defense. This left open the issue of the application of involuntary manslaughter under Code § 26-1103 (b). The latter provides: "A person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm . . ." The evidence would authorize a jury to find that defendant caused the death unintentionally while acting in self-defense, the lawful act, but that he used excessive force, the unlawful manner. *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180). We reverse because of this instructional error.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JUNE 26, 1978 — DECIDED OCTOBER 5, 1978 —
REHEARING DENIED OCTOBER 25, 1978 —

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.