### 35479. ARNETT v. THE STATE.

UNDERCOFLER, Presiding Justice.

Arnett was convicted of murdering a three-year-old child. At the time of the child's death, the appellant was living with the child and his mother. On the day of the killing, the mother left the child with Arnett and went to work. Later in the day, Arnett came to her place of employment, carrying the child in his arms. The child was unconscious, and died later that day.

The investigating police officer testified that Arnett said that he arose that morning and attempted to feed the child, but the child would not eat; he took the child to the

toilet, but the child refused to use it. Not knowing his own strength, he began to hit the child several times in the head.

The physician treating the child in the emergency room of the hospital testified that the child was unconscious, that he had multiple bruises over his body, the largest one of which was on the left side of the face, and that the ones over the chest and head looked fresh. Some of the bruises on the back, chest, abdomen, and buttocks, particularly the one over the buttocks, looked a little older.

The physician performing the autopsy on the child testified that the child had innumerable bruises about his body and a very severe series of abrasions across his face. He interpreted most of the bruises as having been inflicted probably within 24 hours of the time he saw the child. The bruises on the abdomen were consistent with the prodding of a human finger. The child had extensive hemorrhaging of the diaphragm caused by blows to the chest and back, as well as hemorrhages under the coverings of the lungs. The fatal injury was the tearing of the mesentery of the small bowel, caused by an extremely severe blow to the abdomen. There had also been subdural hemorrhaging.

A witness acquainted with the parties testified that Arnett, as a manner of discipline, would poke his finger into the child's stomach and chest and say, "Listen to me when I tell you something." The witness also testified that the child had bruises from prior occasions and that the mother had become angry and hit the child the night before the child's death.

Other witnesses testified to bruises they had observed on the child's body prior to his death, as well as instances in which the mother had hit the child. There was also testimony that the child appeared to be afraid of the mother, but fond of Arnett. On cross examination, the mother admitted that some of the bruises had been on the child earlier and that she had been charged with child cruelty. Arnett's defense at trial was that the mother had beaten the child before she left for work that morning and that he had lied to protect her so she would not lose the child until he found out that the child had died from the

injuries.

Arnett was charged with the malice murder of the child. He was also charged with felony murder, in that he killed the child while in the commission of the felony, cruelty to children, by beating the child with his hand. The jury convicted him of murder without specifying malice murder or felony murder. The jury on its own also recommended mercy and therefore the death penalty was not submitted.

1. Appellant contends the trial court erred in refusing, upon request, to charge the jury on voluntary manslaughter. We do not agree. "A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . ." Code Ann. § 26-1102. In this case, involving a three-year-old victim, there was no evidence of any "serious provocation" sufficient to excite "sudden, violent, and irresistible passion in a reasonable person." *Swett v. State,* 242 Ga. 228 (1) (248 SE2d 629) (1978); *Lowe v. State,* 240 Ga. 767 (2) (242 SE2d 582) (1978); *Gillespie v. State,* 236 Ga. 845 (225 SE2d 296) (1976).

2. Appellant contends the trial court erred in refusing, upon request, to charge simple assault. We do not agree. "A person commits simple assault when he either (a) attempts to commit a violent injury to the person of another or (b) commits an act which places another in reasonable apprehension of immediately receiving a violent injury." Code Ann. § 26-1301. Where a battery is actually committed the trial court is not required to charge the jury on simple assault. *Diamond v. State,* 126 Ga. App. 580 (4) (191 SE2d 492 (1972) and cits.

3. Appellant contends the trial court erred in refusing, upon request, to charge involuntary manslaughter. We agree. "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony." Code Ann. § 26-1103 (a). The evidence here would have authorized the jury to find that

the appellant committed the misdemeanor of battery upon the child without any intention to kill. The state's argument that the evidence demanded a finding of aggravated assault[1] because the beating was so severe is incorrect. Whether fists are deadly weapons is a question for the jury.

Also, "[a] person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm." Code Ann. § 26-1103 (b). Under the evidence here we cannot say appellant did not have authority to discipline the victim but used excessive force without any intention to kill. The seriousness and manner of inflicting the blows on the victim was a question for the jury.

It is error not to charge on involuntary manslaughter, upon request, where there is slight evidence warranting the charge. This is a question of fact to be decided in each case. Compare *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424) (1973), overruled on other grounds, *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976) (failed to request charge), and *State v. Allen,* 243 Ga. 508 (256 SE2d 381) (1978), dismissing cert. in *Allen v. State,* 147 Ga. App. 701 (250 SE2d 5) (1978).

4. In the second enumeration of error, Arnett claims that the trial judge erred in refusing his request to charge on circumstantial evidence under Code § 38-109, which provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." We disagree.

In this case, there was direct evidence of Arnett's guilt, consisting of his alleged statement to the child's mother that he had only hit the child a couple of times and

---

[1]"A person commits aggravated assault when he assaults (a) with intent to murder, to rape, or to rob, or (b) with a deadly weapon." Code Ann. § 26-1302.

he didn't mean to do it, as well as his statement to the investigating police officer that he had spanked the child and hit the child in the head because of his refusal to eat or use the toilet. "An instruction on circumstantial evidence is required only when the case is totally dependent upon circumstantial evidence. *DePalma v. State,* 228 Ga. 272 (1) (185 SE2d 53) [(1971)]; *Bryant v. State,* 229 Ga. 60 (1) (189 SE2d 435) [(1972)] and cits." *Gaines v. State,* 232 Ga. 727, 730 (208 SE2d 798) (1974).

5. Arnett's third enumeration of error raises the question whether the trial judge committed reversible error in allowing the state to introduce autopsy photographs of the deceased. These autopsy photographs were introduced for the purpose of showing the internal damage which had been done to the child by the blows to his head and stomach. The trial court did not abuse its discretion in allowing these photographs to be introduced. E.g., *Bowden v. State,* 239 Ga. 821 (238 SE2d 905) (1977).

6. In his final enumeration of error, Arnett urges that the evidence is insufficient to support the verdict. We find that the evidence, as viewed by a rational fact finder, would support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, — U.S. — (99 SC 2781, 61 LE2d 560) (1979).

Because of our ruling in Division 3 that the requested charges on involuntary manslaughter were improperly refused by the trial court, the case must be reversed.

*Judgment reversed. All the Justices concur, except Jordan and Marshall, JJ., who dissent. Clarke, J., not participating.*

Submitted September 28, 1979 — Decided February 20, 1980 — Rehearings denied March 18, 1980

*Harper, Wiggins & Botts, R. David Botts,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.