### 39616. NEWBERRY v. THE STATE.

WELTNER, Justice.

Lonnie Newberry was convicted of murdering Isaiah Carter with a handgun and sentenced to life imprisonment. Three witnesses for the State, all employees of a Krystal restaurant in Albany, Ga., testified that Newberry and Carter were at the restaurant on March 2, 1982; that they began arguing at the counter; that Newberry went out to the car and returned; that the two men began fighting; that

Newberry drew a handgun from his clothing; and that they heard a shot. Other testimony indicated that Newberry then left the scene and entered his car, and that Carter followed him outside, attempted to crawl under a car, and then collapsed. There was evidence that Newberry initiated the fight and struck the first blow, as well as evidence to the contrary, indicating that Carter was the aggressor.

The cause of death was a gunshot wound to the abdomen made by a .22 caliber bullet. After Newberry had been taken into custody, a female who had been with Newberry in his car after the shooting brought to police a .25 caliber pistol which was not in working order. She said that Newberry had given the weapon to her after the homicide. Newberry testified at trial that it was this .25 caliber pistol which he produced during the fight; that Carter had drawn a weapon of his own during the struggle, and that Carter apparently had been shot with his own gun. The murder weapon was never found.

1. Newberry contends that the verdict is without evidence to support it. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the defendant guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Newberry was not prejudiced by the appointment of counsel eight days prior to trial. On the day set for trial defense counsel requested a continuance, stating that he had not had an opportunity to talk with all the witnesses. The trial court denied this motion, stating that counsel would be given an opportunity to interview witnesses prior to their testimony. Newberry now contends that these interviews were inadequate to prepare his attorney for trial. The trial court did not abuse its discretion in denying the motion for continuance. No showing has been made that any prospective witness not interviewed by the defense would have been beneficial to the defendant. *Massey v. State,* 226 Ga. 703 (1) (177 SE2d 79) (1970). It should be noted also that Newberry had been represented by retained counsel as early as six months prior to trial.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 5, 1983.

*Gilberg, Kraselsky & Gray, Loring A. Gray, Jr.,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.