## 69483. CARDWELL v. THE STATE.
(325 SE2d 178)

McMURRAY, Chief Judge.

Defendant was convicted of the offense of burglary and the offense of entering an automobile (with intent to commit a theft or a felony). Defendant appeals. *Held:*

Defendant's appointed counsel has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) and *Bethay v. State,* 237 Ga. 625, 626 (229 SE2d 406), that is, that after a careful examination of the record and transcript counsel believes any appeal of this case would be wholly frivolous. Counsel has also properly filed a brief raising any possible point of law which might be considered arguably in support of an appeal. Additionally, counsel has served upon the defendant a copy of the motion to withdraw and the brief which counsel filed in this court. We are in agreement with counsel that the points raised have no merit. In compliance with Anders v. California, 386 U. S. 738, supra, we have fully and carefully examined the record and transcript to determine independently if there were any meritorious errors of law. Having found none, we have granted appointed defense counsel's motion to

withdraw. The defendant has been notified of this action and of his options by reason thereof.

Defendant has raised an issue as to whether he received effective assistance of counsel. "The right to effective assistance of counsel means not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974); *Alderman v. State*, 241 Ga. 496, 511 (8) (246 SE2d 642) (1978)." *Parker v. State*, 169 Ga. App. 966, 968 (3) (315 SE2d 683). Applying this principle to the present case, we find no denial of defendant's constitutional right to effective assistance of counsel. *Trenor v. State*, 252 Ga. 264, 267 (7) (313 SE2d 482).

The evidence produced at trial was sufficient to authorize any rational trier of fact to reasonably have found the defendant guilty beyond a reasonable doubt of the offense of burglary and of the offense of entering an automobile (with intent to commit a theft or a felony). See *Mullis v. State*, 248 Ga. 338 (1) (282 SE2d 334); *Newberry v. State*, 250 Ga. 819, 820 (1) (301 SE2d 282).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984.

John C. Cardwell, *pro se.*

Arthur E. Mallory III, District Attorney, Robert H. Sullivan, Assistant District Attorney, for appellee.