## A89A2201. BEARD v. THE STATE.

(389 SE2d 384)

DEEN, Presiding Judge.

Donna Sue Beard appeals from her conviction of driving under the influence of alcohol.

1. The trial court did not err in denying Beard's motion for a new trial based on an assertion that the State failed to prove venue beyond a reasonable doubt.

Venue, like every other material allegation in the indictment, must be proved beyond a reasonable doubt. Where venue is not established any ensuing judgment is invalid, but the reversal of a conviction for failure to prove venue does not act as a bar to retrial in a court where venue is proper and proven. *Hernandez v. State*, 182 Ga. App. 797 (357 SE2d 131) (1987). Where there is no conflicting evidence, only slight evidence is required to prove venue. The jury determines venue, and its decision will not be set aside if it is supported by any evidence. *Jones v. State*, 245 Ga. 592, 596 (266 SE2d 201) (1980).

Sgt. Carsten testified that he was employed by the DeKalb County Police Department and assigned to the north precinct at 4453 Ashford-Dunwoody Road, which is located across the street from Perimeter Mall and one block south of Park Place shopping center. He observed Beard run a red light at the intersection of Perimeter Center West and Ashford-Dunwoody Road and saw her vehicle weaving in the roadway as she drove on Perimeter Center West and then onto Perimeter Center Place, where she was stopped. A second officer arrived at the scene and testified that he was a patrolman assigned to the northern district of DeKalb County and his assignment included the Perimeter Mall area. As there was no evidence that the DeKalb County police officers were acting outside the scope of their authority, the State is entitled to an inference that they were acting within the scope of their authority. *Hunter v. State*, 191 Ga. App. 219, 220 (381 SE2d 525) (1989). We therefore find that there was sufficient proof of venue in DeKalb County to support the jury's finding.

2. The trial court did not err in refusing to give appellant's requested charge on circumstantial evidence.

" 'An instruction on circumstantial evidence is required only when the case is totally dependent upon circumstantial evidence.' " *Arnett v. State*, 245 Ga. 470, 474 (265 SE2d 771) (1980); *DePalma v. State*, 228 Ga. 272 (185 SE2d 53) (1971). In the instant case there was direct evidence of appellant's impaired driving ability (crossing several lanes of traffic without signaling, making a left turn on a red light, as well as appellant's admission that she had consumed two glasses of wine), and this charge was not mandated. *McKeown v. State*, 187 Ga. App. 685, 687 (371 SE2d 243) (1988).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

Decided December 1, 1989 —
Rehearing denied December 13, 1989.

Timothy T. Herring, for appellant.
Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., Andrew
T. Rogers, Assistant Solicitors, for appellee.