## A90A0399. WOFFORD v. THE STATE.
(395 SE2d 630)

BIRDSONG, Judge.

Appellant was convicted by a jury of reckless conduct (OCGA § 16-5-60 (b)). In his appeal, he contends that the trial court erred in failing to give a charge on circumstantial evidence and in restricting his counsel's closing argument. He also argues that the evidence was insufficient to support his conviction. *Held*:

1. Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial reflects the following: Appellant and the victim had lived across the street from each other for approximately

seven years, and had been engaged in a land line dispute for over a year. One evening, as the victim returned from her routine walk, appellant, who had been sitting in his truck in his driveway, pulled rapidly out of his driveway, accelerated toward the victim and slammed on his brakes stopping so close to the victim that she had to jump out of the way for fear that appellant would not stop. Appellant then said to the victim: "I will get you yet, you old bitch." The victim was noticeably shaken and frightened; and a neighbor who witnessed the incident called the police. Several days later, appellant boasted to another neighbor that he "did it because he was hot," and suggested to the neighbor that if he had wanted to kill the victim he could have. The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); compare *Horowitz v. State*, 243 Ga. 441 (254 SE2d 828).

2. Appellant contends that the trial court erred in not charging OCGA § 24-4-6, which provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." " 'An instruction on [OCGA § 24-4-6] is required only when the case is totally dependent upon circumstantial evidence.' [Cits.]" *Arnett v. State*, 245 Ga. 470 (4) (265 SE2d 771); *Beard v. State*, 193 Ga. App. 877 (2) (389 SE2d 384). In the instant case there was direct evidence that appellant drove his truck directly at the victim and stopped just short of striking her. Appellant, however, contends that since an essential element of reckless conduct is "consciously disregarding a substantial and unjustifiable risk," and the only evidence of this element was circumstantial, the trial court was required to give the charge. We disagree. In *Lee v. State*, 177 Ga. App. 8 (338 SE2d 445), this court recognized the line of cases supporting appellant's argument, including *McGruder v. State*, 213 Ga. 259 (98 SE2d 564), but found that *Arnett v. State*, supra, was binding precedent. We are satisfied that the pertinent principle of law contained in *Arnett*, supra, and *Beard*, supra, is controlling in view of the facts in this case, and find no basis for abandoning the legal precedent found therein. See generally *State Farm &c. Ins. Co. v. Astro Leasing*, 194 Ga. App. 515, 518 (390 SE2d 885). Accordingly, we find no error with the trial court's failure to charge OCGA § 24-4-6.

3. During closing arguments, the trial court sustained the State's objection to defense counsel's comment about the State's failure to call the investigating officer as a witness. "As a general rule, 'the defendant is not permitted to comment on the State's failure to produce certain witnesses.' [Cit.]" *Braggs v. State*, 189 Ga. App. 275 (3) (375 SE2d 464). We find no error with the application of the general rule

in this case.
   *Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 26, 1990 —
REHEARING DENIED JULY 11, 1990.

*Millard C. Farmer, Jr., Joseph M. Nursey,* for appellant.
*Ralph T. Bowden, Jr., Solicitor, Ann M. Elmore, Assistant Solicitor,* for appellee.