A90A0934. ADAMS v. THE STATE.
(397 SE2d 12)

BIRDSONG, Judge.

Orville Allen Adams was indicted in three counts for possession of approximately 15 grams of cocaine with intent to distribute, possession of a firearm by a convicted felon, and possession of less than one ounce of marijuana. A fourth count charged him with being an habitual felon. The jury convicted Adams only of the cocaine offense, on a reduced count: Simple possession of a Controlled Substance.

Adams appeals on grounds the evidence was insufficient to support the verdict. *Held*:

Police obtained a search warrant for Adams' home. As they arrived to execute it, they apprehended him leaving his home in a car containing five persons. Police saw Adams, who was seated in the center of the back seat, make a motion with his hand as if to stealthily hide something in the seat. A search of the seat unleashed a coin purse containing three bags of suspected cocaine and the suspected marijuana. Upon Adams' person was found a wallet containing one smaller bag of a white substance suspected to be cocaine.

The State's forensic expert testified that he received four bags of suspected cocaine and tested only two of the bags; that in his opinion he could tell the difference between cocaine and a substance that is not cocaine, i.e., whether it tends to be chalky or granular, very fine particles, fluffy white powder, and so forth. Those all come into play in the "chemical analysis." By touch and feel he concluded, in his opinion, that the substance in the two accompanying bags was also cocaine.

Appellant contends the jury had a reasonable doubt whether the coin purse found in the car seat belonged to appellant, for they acquitted him of possession of marijuana which was proved to be in the purse with the three bags of suspected cocaine; thus, appellant contends that if the only two bags chemically tested by the forensic expert and found positive for cocaine were among the three found in the purse, then the smaller bag found in appellant's wallet was one of the two bags that was never chemically tested for cocaine.

We cannot, and will not, say that an expert cannot conclude a substance is cocaine by chemically testing two bags and determining, by expert tactile observation, that the accompanying bags were identical or contained the same substance. By this record, we must conclude there is a significant point in proof by chemical analysis as well as by expert analysis of appearance, or touch and feel. The weight to be given the expert's opinion is, in all cases, a question for the jury. See, e.g., *Long v. Marion*, 182 Ga. App. 361, 365 (355 SE2d 711). Particularly where the expert gives the basis for his opinion, we must accept the jury's conclusion upon that evidence (id.); accordingly, we find upon all the evidence in this case that a rational trier of fact could find appellant guilty of possession of cocaine beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.

