A90A1046. WHITE v. THE STATE.
(397 SE2d 299)

SOGNIER, Judge.

Vincent White was convicted by a Tattnall County jury of cocaine trafficking, marijuana possession, and escape. He appeals from the denial of his motion for new trial, enumerating four errors.

1. Appellant first contends the trial court erred by allowing into evidence testimony concerning appellant's arrest on a separate charge of cocaine trafficking a year after the incident at bar. The transcript reveals that appellant was arrested for the charged crime on June 12, 1988 after former Glennville Police Officer Freddie Stewart observed a car swerving across the centerline of a highway at 3:50 a.m. When he stopped the vehicle, Stewart discovered appellant asleep in the passenger side of the front seat, and observed on appellant's lap a clear plastic package containing a white substance that was later proved to be cocaine. Cocaine also was found in a leather bag placed on the floorboard behind appellant. After an offer of proof and limiting instructions to the jury, Richmond County Deputy Sheriff Vincent Eubanks testified that on May 2, 1989, over ten months after appellant's initial arrest, he observed appellant sitting in the driver's seat of a car parked in a motel parking lot. Upon asking appellant for his driver's license and ascertaining from a computer check that there was outstanding a warrant for appellant's arrest, Eubanks arrested him. Appellant then removed from his pocket and threw away a bag that when found proved to contain several pieces of crack cocaine. Additional cocaine was found in a leather bag inside the car.

As appellant correctly notes, evidence of other crimes is generally not admissible unless the evidence established that the defendant was the perpetrator of the independent crime and there was " 'sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] . . .' [Cit.]" *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321)

(1980). In the case at bar, the first requirement was satisfied by Eubanks' positive identification of appellant as the perpetrator of the independent crime. The trial court correctly concluded the second requirement was met because evidence that appellant was apprehended in a car while carrying a large amount of cocaine on his person and in a leather bag was relevant to show plan, scheme, bent of mind, and course of conduct with regard to the charge of cocaine trafficking for which he was being tried. See id. Contrary to appellant's assertions, we find the trial judge's limiting instructions to the jury were accurate and appropriate.

2. Appellant next contends the trial court improperly denied his motion for mistrial made when Eubanks, during his testimony concerning the independent crime evidence, stated that when he ran the computer check on appellant, he discovered that there was an outstanding warrant for appellant's arrest for the misdemeanor offense of pointing a weapon at another. In response to appellant's objection, the judge gave curative instructions to the jury and admonished the witness not to refer to any other crimes. Appellant then renewed his motion. Given that Eubanks' statement was voluntary rather than solicited by the prosecutor and that the trial court gave thorough curative instructions, we find no abuse of discretion in the denial of the motion for mistrial. See *Jones v. State*, 167 Ga. App. 847, 848 (2) (307 SE2d 735) (1983).

3. Appellant also enumerates as error the trial court's cancellation of the hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964) with regard to appellant's statement to police. The record reveals that the trial court did begin the hearing and permitted the prosecutor to complete his questioning of the witness to establish the voluntariness of the statement, but stopped the hearing during appellant's cross-examination of the witness. The court concluded no hearing was needed because the statement was being offered by appellant's co-defendant, not by the State.

Pretermitting the question whether a *Jackson-Denno* hearing is required when the statement of a defendant is offered by another defendant, "a requirement for a hearing on the issue of voluntariness applies only if the evidence presents a fair question as to its voluntariness. No such question is presented in this case: There is no evidence whatsoever in the record and no offer of proof that appellant's statements . . . were anything but voluntary." *Craver v. State*, 246 Ga. 467, 468 (1) (271 SE2d 862) (1980). Since no harm has been shown, we find no error in the termination of the hearing. See id.

4. Citing *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), appellant finally contends that the court erred by charging the jury that they could convict him of trafficking upon a finding of either actual or constructive possession of cocaine. This enumeration is with-

out merit. After the Supreme Court's ruling in *Lockwood*, the General Assembly revised OCGA § 16-13-31 (a) (1) to define cocaine trafficking as knowing "possession" of 28 grams or more of cocaine rather than "actual possession" as the statute had read when *Lockwood* was decided. See Ga. L. 1988, p. 420, § 2. This change became effective March 28, 1988, three months prior to appellant's commission of the acts at issue. Accordingly, the requirement of actual possession was not applicable to appellant, *Jackson v. State*, 193 Ga. App. 636, 637-638 (1) (388 SE2d 881) (1989), and the court's charge constituted a correct statement of the law.

*Judgment affirmed. McMurray, P. J., concurs. Carley, C. J., concurs in Divisions 1, 2, 4, and in the judgment.*

DECIDED SEPTEMBER 5, 1990.

*Hugh J. McCullough*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.