## S90A0869. BYRER v. THE STATE.
(397 SE2d 120)

HUNT, Justice.

Christopher D. Byrer was convicted by a Richmond County jury of felony murder and cruelty to children for the September 25, 1988, killing of his four-month-old son, Richard.[1] The cruelty to children conviction was merged as a lesser-included offense and the defendant sentenced to life in prison. He appeals raising the failure of the trial court to grant his request for a continuance and to charge the jury on involuntary manslaughter. We affirm.

The defendant, a heat and air-conditioning mechanic, was caring for the infant victim while the victim's mother, a medical student at the Medical College of Georgia, was working at an Augusta hospital. At trial, the defendant, who his wife testified abused alcohol, related he had a considerable amount of beer and wine during the evening along with a prescription drug, that left him unaware of any other events until he awoke the next morning and found the victim lying on the floor, dead.

---

[1] Byrer was indicted in the September 1988 term, tried beginning on May 22, 1989, convicted on May 23, and sentenced on June 27. He filed his motion for new trial on July 19, which was denied on December 29, and filed his notice of appeal on January 16, 1990. The trial transcript was certified on August 9, 1989. The appeal was docketed in the Court of Appeals on February 28, transferred to this court on April 2, and submitted for decision on May 18, 1990.

In his first statement, the defendant said after the victim awoke in the early hours of the morning and would not stop crying, he dropped him while tossing him over his shoulder, put ice on his head, and put him back to bed. In a later statement, he admitted he shook and hit the victim in order to make him stop crying, then beat him with his wife's tennis shoe, before going back to sleep.

The next morning, the victim was covered with bruises and the imprint of the sole of the shoe had been left on the victim's head. He died from multiple fractures of the skull, which the pathologist testified appeared to be from blunt trauma and were inconsistent with a fall. However, the doctor was unsure, given the thinness of a young child's skull, how many times the victim had been hit, which blow had killed him, or how long he had suffered before he died.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The defendant's attorney, who was appointed on April 18, 1989, was granted a continuance for the original trial set for five days after his appointment. Counsel was involved in another trial between May 1 and 4, and notice of a May 22 trial date was received on May 12. A motion for continuance on the ground counsel had inadequate time to prepare for trial was made on May 18 and denied, and orally renewed and denied on the morning the case was called. He cited only the general press of business as the reason he was unprepared.

Under all the facts and circumstances, the defendant has not shown the trial court abused its discretion in denying the defendant's motion for continuance. OCGA § 17-8-22; *Turner v. State*, 258 Ga. 97 (365 SE2d 822) (1988); *Newberry v. State*, 250 Ga. 819, 820 (301 SE2d 282) (1983).

3. The trial court refused the defendant's oral request to charge the jury on the law of involuntary manslaughter.[2]

The defendant argues the evidence supports a finding the *initial* blow from his hand may have killed the victim rather than the later blows from the tennis shoe. Thus, the jury could conclude the defend-

---

[2] The state urges the defendant is procedurally barred from raising this issue on appeal because the defendant failed to file his request in writing. E.g., *Daniel v. State*, 248 Ga. 271, 272 (282 SE2d 314) (1981). The trial court, after a long discussion, however, ruled on the issue at trial. There is some indication the defendant intended to make a written request for a charge on felony involuntary manslaughter, but inadvertently submitted a written request for misdemeanor involuntary manslaughter. However, none of the written requests to charge submitted by the defendant is included in the record and we choose to pretermit the procedural issue.

ant was guilty of simple battery, a misdemeanor, entitling him to a charge on involuntary manslaughter for causing the resulting death of the victim.[3]

He relies on *Arnett v. State*, 245 Ga. 470 (3) (265 SE2d 771) (1980), where we reversed Arnett's murder conviction because the trial court refused to charge on involuntary manslaughter although Arnett argued he hit the three-year-old child in order to discipline him, without any intention to kill.[4] In *Arnett*, however, we recognized that the decision to charge on involuntary manslaughter is a fact question which must be decided on a case-by-case basis:

> To warrant instructions on involuntary manslaughter . . . there must be evidence to authorize a determination that death occurred *unintentionally* from the commission of an unlawful act other than a felony, . . .
>
> Whether to instruct on a particular lesser included offense is dependent upon the circumstances as disclosed by the evidence, and we do not regard the cases cited by the accused . . . as requiring instructions on involuntary manslaughter under the evidence adduced in the present case. . . . Neither case [relied on by the accused] discloses that repeated blows were inflicted on the deceased indicative of a brutal beating as shown by the photographs and testimony in the present case. [Emphasis supplied.]

*Teal v. State*, 122 Ga. App. 532, 533 (177 SE2d 840) (1970). The same is true here.

We will not indulge the defendant in speculating with him as to which of the many blows may have killed the victim. A glance at the photographs of the bruised and battered infant with the patterned imprint of the tennis shoe on his forehead is sufficient to convince that the killing did not result from a misdemeanor battery. "The

---

[3] OCGA § 16-5-3 (a): "A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-23 (a): "A person commits the offense of simple battery when he either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." OCGA § 16-5-23.1 (a): "A person commits the offense of battery when he intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (b): "As used in this Code section, the term 'visible bodily harm' means bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts."

[4] The state's argument that the severe beating demanded a finding of aggravated assault was rejected because the question whether fists are deadly weapons is a jury question. *Arnett v. State*, 245 Ga., supra. Mercifully, in the case before us, the defendant does not attempt to justify the beating of the four-month-old victim as discipline gone awry.

number of wounds inflicted leaves no doubt on the question of intent. . . ." *Addison v. State*, 124 Ga. App. 467, 468 (184 SE2d 186) (1971). Accord *Johnston v. State*, 232 Ga. 268 (3) (206 SE2d 468) (1974). The trial court did not err in refusing to charge on involuntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 24, 1990.

*David V. Weber,* for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.