A91A0540. WILLIAMS v. THE STATE.
(405 SE2d 716)

BIRDSONG, Presiding Judge.

Ira L. Williams appeals his judgment of conviction of trafficking in cocaine and his sentence. The indictment averred appellant committed the trafficking offense by being "knowingly in possession of more than 28 grams of a mixture with a purity of more than ten percent COCAINE."

The evidence when viewed most favorably to support the verdict and judgment of conviction shows the following. Agent McClain and a confidential informant (CI) went to a certain apartment complex to buy cocaine. Agent McClain stayed in the undercover car while the CI attempted to make preliminary arrangements for the sale. The CI went to a next-door, unoccupied apartment by mistake, but appellant

opened the door of the targeted apartment and a conversation with the CI ensued. Appellant then "motioned" for Agent McClain to come up to the porch. Appellant suspected McClain of being a policeman and questioned him repeatedly about it. Agent McClain staunchly denied any police affiliation, and said if appellant did not want to make the deal that McClain and the CI would leave. Appellant then stated "yes, we'll do the deal," and invited the two men into the targeted apartment. After everyone was seated, appellant went upstairs and conversed with a man, later identified as Charles Norwood. Agent McClain overheard appellant tell Norwood that they needed to contact someone. Appellant came downstairs and again asked McClain if he was a cop, which McClain again denied. Appellant and Norwood subsequently had a short conversation downstairs and discussed meeting someone at a certain Captain D's location. Appellant and Norwood exited the apartment together, Norwood drove off and appellant returned to the apartment. The CI asked appellant how long it would be before the deal could be completed, and appellant replied, "a short time, ten or fifteen minutes from now." A while later Norwood and two other men returned and went into the kitchen where the CI and appellant were engaged in general conversation. Norwood informed McClain they were ready to do the deal. Agent McClain left the apartment ostensibly to get the drug money, but used his "body-bug" to transmit the "takedown" word to police back-up. Agent McClain returned, handed the money to one of the men who was named Greg Strachan, and was handed about five ounces of rock cocaine by Strachan. Appellant was standing one to three feet behind McClain at the time. As McClain exited the apartment, back-up police arrived and when they announced "police," appellant slammed the apartment door shut. McClain immediately kicked the door open, and appellant and three other men were observed "running through the apartment" trying to get out the back door. The fleeing men were subdued and placed under arrest. Appellant enumerates eight errors. *Held*:

1. In addition to the general grounds, appellant asserts the trial court committed reversible error in overruling his motion for directed verdict of acquittal.

When an enumeration of error is based, as in this case, upon the overruling of a motion for directed verdict of acquittal grounded at trial on insufficiency of the evidence, the proper test for an appellate court to apply is "the beyond a reasonable doubt test" as expressed in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

OCGA § 16-2-20 pertinently provides: "(a) Every person concerned in the commission of a crime is a *party thereto* and may be charged with and convicted of the commission of the crime. (b) A per-

son is concerned in the commission of a crime only if he . . . (3) Intentionally aids or abets in the commission of the crime. . . ." (Emphasis supplied.)

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the crime charged as a "party thereto." *Jackson v. Virginia*, supra. Appellant's enumerations of error 1-4 are without merit. See Divisions 2, 3, 4, and 5 below.

2. Appellant asserts the trial court committed reversible error in finding appellant guilty of possession of more than 28 grams of cocaine of a mixture with a purity of more than ten percent cocaine where the expert witness tested only a sample of the suspected cocaine and not the total sum.

State Exhibit No. 1 included five separate plastic bags, each containing a "chunky material" that was purchased by Agent McClain at the crime scene, and all placed within a larger sealed plastic bag and transported to the Georgia State Crime Laboratory (Crime Lab) without apparent tampering.

The State's expert is a forensic chemist and supervisor of the Drug Identification Section of the Crime Lab. Over the course of the last 20 years, he has analyzed probably 20,000-30,000 samples which he determined or opined contained cocaine. The expert visually examined the contents of each of the five separate plastic bags and determined "all the powder appeared to be *identical* in nature and color and consistency." (Emphasis supplied.) He next took random samples from *each* of the five bags and performed a "thin layer chromatography" test that determines "composition" of some of the material; the "thin layer chromatography" was positive for cocaine. The expert then conducted a very sophisticated "Foyer transform nuclear magnetic resonance spectroscopy" test of the samples, which was positive for cocaine. State Exhibit No. 1 was then weighed, and the total weight of the cocaine mixture itself was determined to be approximately 140 grams. Although the expert did not perform "an exact test" to determine the purity of the mixture "down to a percentage," he did, based upon all his experience in running tens of thousands of cocaine samples and also upon the results of the particular tests performed on the samples taken from each of the five separate bags, form an opinion as to the purity of the mixture in question. The expert opined that based upon "the tests that I ran and my experience,

I estimated that [the mixture] was approximately ninety percent [pure cocaine]." The mixture was "in the ninety percent range, maybe eighty-five, eighty-eight, ninety-two . . . what I call boat level cocaine, which are large amounts of cocaine that came straight up from South America." Moreover, the expert opined "there's no question at all" that the mixture would be well over ten percent purity.

The trial court gave the jury a timely cautionary instruction, before the expert gave his opinion as to the mixture's purity, that subsequently it would "tell you in some detail that you can believe or disbelieve the testimony of any witness, expert or otherwise. Mr. Mills can give you his opinion as to what he did or didn't do and the basis of that . . . and you can take that evidence and weigh it and I'll instruct you on how to do that at the end of the trial."

Appellant's enumeration of error number 5, as crafted, is without merit. This case is distinguishable from *Payton v. State*, 177 Ga. App. 104 (338 SE2d 462) where "mature stalks" of marijuana plants were weighed in attempting to calculate the weight of marijuana, as that substance is defined by statute; and, also this case is distinguishable from *Taylor v. State*, 144 Ga. App. 534 (241 SE2d 590) where it was asserted no quantitative analysis was performed but quantity was determined merely by reading the label on the bottle containing the substance. Moreover, based on the posture of the record as above discussed, we hold that failure to conduct an "exact test" to determine the purity of the mixture down to a specific percentage of cocaine would affect only the weight and not the admissibility of the expert's opinion regarding the purity thereof. "The weight to be given the expert's opinion is, in all cases, a question for the jury" (*Adams v. State*, 196 Ga. App. 723, 724 (397 SE2d 12)). We will not invade the province of the jury merely because it must have determined the expert's testimony was credible in order to arrive at its verdict of guilty of "the offense of trafficking cocaine," as averred. See Division 1 above.

3. We find that the trial court did not commit reversible error in failing to give defendant's request to charge regarding circumstantial evidence.

This case clearly is distinguishable from *Dawson v. State*, 183 Ga. App. 94, 96 (2) (357 SE2d 891) on which appellant relies wherein the State conceded "that the evidence adduced at trial as to [the cocaine and the methamphetamine charges] was circumstantial," and the issue of a circumstantial evidence instruction was not addressed.

Appellant, citing *Price v. State*, 180 Ga. App. 215 (348 SE2d 740) and *Cook v. State*, 185 Ga. App. 585 (364 SE2d 912), however, also argues it was reversible error for the trial court to fail to give, with or without request, a charge on circumstantial evidence as contained in OCGA § 24-4-6 and to fail to instruct the jury that a conviction based

on circumstantial evidence is permissible only if the offense charged was proved beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis.

The case at bar involves both direct and circumstantial evidence. An instruction on the full text of OCGA § 24-4-6 includes therein all the language which appellant maintains should have been charged. However, this type of instruction is required only when the case is totally dependent upon circumstantial evidence. *Wofford v. State*, 196 Ga. App. 284 (2) (395 SE2d 630), citing *Arnett v. State*, 245 Ga. 470 (4) (265 SE2d 771) and *Beard v. State*, 193 Ga. App. 877 (2) (389 SE2d 384); see *Broski v. State*, 196 Ga. App. 116 (3) (395 SE2d 317). Appellant's enumeration of error number 6 is without merit.

4. Appellant enumerates as his seventh enumeration of error that the trial court committed reversible error by giving a charge on actual and constructive possession where the evidence did not warrant the same.

Appellant argues that "actual possession" is required by OCGA § 16-13-31 to authorize a conviction for trafficking thereunder. However, in 1988, the legislature amended Chapter 13 of Title 16 of the OCGA, relating to controlled substances, for the purpose inter alia "to eliminate the requirement that a person be in actual possession of certain controlled substances to be guilty of certain offenses." Ga. L. 1988, p. 420. In doing so, the legislature effectively deleted the word "actual" preceding the word "possession" in paragraphs (1) and (2) of subsection (a) and in the introductory paragraphs of subsections (b) and (c) of OCGA § 16-13-31. Compare Ga. L. 1988, p. 420, § 2. This Act became effective on March 28, 1988 (Ga. L. 1988, p. 424, § 4), and the crime of trafficking in this case was committed on March 16, 1989, as averred in the indictment. Thus, contrary to the authority cited by appellant, either actual or constructive possession would suffice to establish the element of possession necessary to support a conviction of trafficking in the case at bar. Compare *White v. State*, 196 Ga. App. 813, 815 (397 SE2d 299) with *Alvarado v. State*, 194 Ga. App. 781 (391 SE2d 668); *Christopher v. State*, 190 Ga. App. 393 (2) (379 SE2d 205).

Both the Supreme Court and this court have recognized that the difference between actual and constructive possession is most assuredly one of degree, and often it is difficult to say where one ends and the other begins. *Dalton v. State*, 249 Ga. 720 (2) (292 SE2d 834); *Alvarado v. State*, supra at 782; aff'd, *State v. Alvarado*, 260 Ga. 563 (397 SE2d 550); *Neal v. State*, 130 Ga. App. 708, 711 (2) (204 SE2d 451). As in *Alvarado*, supra, the type of possession, if any, was a question of fact for the jury to decide, and the trial court did not err in instructing on both concepts. The trial judge has the duty, with or without request, to give the jury an appropriate instruction as to the

law on each substantive point or issue involved in a case so as to enable the jury to judiciously decide the guilt or innocence of a defendant. *Ancrum v. State*, 197 Ga. App. 819, 822 (2) (399 SE2d 574). Moreover, appellant does not cite authority to support or otherwise argue that the instruction, as given, contained any erroneous statement of law; accordingly, any such appellate issue is deemed abandoned. Court of Appeals Rule 15 (c) (2). Appellant's seventh enumeration of error is without merit.

5. Appellant asserts in his eighth enumeration of error, citing *Burge v. State*, 103 Ga. App. 682, 683 (2) (120 SE2d 200) that the trial court committed reversible error in failing to give his request to charge "regarding any presumption that no crime has been committed."

The trial court inter alia instructed the jury that the State has the burden of proof beyond a reasonable doubt to prove each and every essential element of the crime charged in the bill of indictment; that the burden always remains on the State and never shifts to the defendant; that defendant does not have to prove anything; that every person is presumed innocent until proven guilty; that no person shall be convicted of a crime unless each and every element of the crime is proved beyond a reasonable doubt; that mere presence of appellant at the scene of the crime, *if any*, at the time of its perpetration, would not be sufficient alone to convict any defendant of a crime; that to warrant conviction in a criminal case the jury must be satisfied that there is sufficient evidence to convict appellant beyond a reasonable doubt; and, of the statutory elements of the offense of trafficking in cocaine. It is not required that the trial court include the exact language of written requests to charge when the same principles are given in the general charge and, in this case, the substance of defendant's requested charge was contained in the trial court's general charges on burden of proof, presumption of innocence, and mere presence at the scene of a crime, if any. *Herrod v. State*, 182 Ga. App. 876 (2) (357 SE2d 317).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 17, 1991.

*Joseph M. Todd*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.