## S92A1404. BROOKS v. THE STATE.
(426 SE2d 374)

HUNT, Presiding Justice.

Kimberly Brooks was convicted of felony murder and cruelty to children. She appeals, arguing that the trial court erred in failing to charge on the offense of involuntary manslaughter. We agree and reverse.[1]

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant requested a charge on involuntary manslaughter with simple battery as the underlying offense and enumerates as error the failure of the trial court to give the requested charge.

"To warrant instructions on involuntary manslaughter . . . there must be evidence to authorize a determination that death occurred *unintentionally* from the commission of an unlawful act other than a felony. . . ."

*Byrer v. State*, 260 Ga. 484, 486 (397 SE2d 120) (1990), quoting *Teal v. State*, 122 Ga. App. 532, 533 (177 SE2d 840) (1970). The defendant testified that after giving birth to the child in her apartment, she noticed that the umbilical cord was wrapped around the baby's head. When she reached for the drawer of the nightstand to get scissors, the baby slipped and hit its head on her hope chest. The pathologist who testified for the state acknowledged that while it appeared that the infant had sustained a substantial blunt trauma to the back of the head and that the wound was inconsistent with being dropped on the defendant's hope chest, he could not rule out this possibility, particularly since there were no multiple injuries or broken bones. The doctor who testified for the defense stated that the laceration on the baby's head was more typical of a glancing blow than of a blow from a blunt instrument. He also stated that the bleeding into the membranes and around the pituitary gland could be typical of a traumatic birth. In addition, the doctor testified that in his opinion the injury was the kind of injury that would occur if the baby had slipped and

---

[1] The crimes occurred between December 20 and December 24, 1991. Brooks was found guilty of felony murder and two counts of cruelty to children on May 8, 1992, and sentenced to life imprisonment on the felony murder count and to five years on each of the cruelty to children counts, those sentences to be served concurrently with one another and with the felony murder count. Subsequently, the trial court vacated the count of cruelty to children which served as the underlying felony for the felony murder count, finding that as a matter of law the two counts merged. Motion for a new trial was filed on May 11, 1992, and denied on June 23, 1992. The defendant filed notice of appeal in this Court on July 17, 1992. The appeal was docketed on August 14, 1992, and argued on October 19, 1992.

hit the chest. Finally, the doctor said that he could not with medical certainty say how the infant died but that the most plausible conclusion in his view was that the infant had died as the result of an accident. No blunt instruments that would cause the blunt trauma injury advanced by the state were ever found.

In light of the above, it is impossible for this Court to say that the evidence demanded a finding that the infant's death, if not accidental, was the result of a felony. "It is error not to charge on involuntary manslaughter, upon request, where there is slight evidence warranting the charge." *Arnett v. State*, 245 Ga. 470, 473 (265 SE2d 771) (1980). Compare *Byrer*, supra. Accordingly, the case must be reversed.

3. Given our ruling in Division 2, we need not address the defendant's remaining enumerations of error.

*Judgment reversed. Clarke, C. J., Benham, Fletcher, Sears-Collins, Hunstein, JJ., and Judge W. J. Forehand concur.*

DECIDED FEBRUARY 26, 1993 —
RECONSIDERATION DENIED MARCH 18, 1993.

*Robert H. Citronberg,* for appellant.
*Jack O. Partain III, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.