## A95A1297. COWAN v. THE STATE.
(461 SE2d 587)

Pope, Presiding Judge.

Defendant was convicted by a jury of reckless conduct, a misdemeanor. See OCGA § 16-5-60 (b). In two enumerations of error, he challenges the sufficiency of the evidence against him. Specifically, he argues that his conduct constituted either simple negligence or intentional assault, but could not be considered reckless. We disagree and affirm.

Viewed in a light to support the verdict, the evidence shows that several county employees were working in a ditch alongside Black Shoals Road, a gravel road which ran through defendant's land but was maintained by the county. Defendant drove up in his truck and stopped next to the county's motor grader, effectively blocking the road, and started yelling at the workers to get off his land. The crew boss explained they were just doing their job, and suggested that defendant needed to resolve the situation with the people in charge at the county public works department. Defendant continued yelling until the driver of a vehicle blocked by defendant's truck convinced him to move it. Defendant drove off, as did the crew boss in the motor grader. Several minutes later, defendant returned, driving on the wrong side of the road — the side where the county employees were working on the ditch. The road had been cleared of other vehicles, so there was no reason for defendant to be driving on the left side. As defendant passed extremely close to the workers, the side mirror of his truck struck the arm of one, seriously injuring him. Defendant then stopped his truck and yelled back at the injured worker that if the worker had hurt his truck, defendant would come back and hurt him.

"A person who causes bodily harm to . . . another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm . . . and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor." OCGA § 16-5-60 (b). Contrary to defendant's assertion, the evidence was sufficient to enable rational jurors to find defendant guilty of violating this Code section beyond a reasonable doubt. *Miller v. State*, 200 Ga. App. 57 (406 SE2d 565) (1991) is distinguishable, as there was no evidence of recklessness in that case. In this case, on the other hand, jurors could certainly conclude that when defendant drove on the wrong side of the road, extremely close to where he knew the county employees were working in the ditch, he did not actually intend to hurt one of the workers but consciously disregarded the substantial and unjustifiable risk that he might do so — and that that disregard constituted a gross deviation from the standard of care a reasonable person would

exercise in the situation. See *Wofford v. State*, 196 Ga. App. 284 (1) (395 SE2d 630) (1990).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED AUGUST 30, 1995.

*J. Wayne Moulton*, for appellant.
*Cheryl F. Custer, District Attorney, Michael M. Hawkins, Assistant District Attorney*, for appellee.