A96A2103. McDONALD v. THE STATE.
(481 SE2d 1)

RUFFIN, Judge.

A jury found Ray McDonald guilty of reckless conduct. McDonald appeals, challenging the sufficiency of the evidence. We affirm.

Viewed in a light most favorable to support the verdict, the evi-

dence shows the following. The victim was Sherri Bias, McDonald's wife at the time of the incident. McDonald and Bias had an argument the evening preceding the incident, and Bias left their home to spend the night with a friend. When Bias returned home the following morning, she noticed a handgun lying on the sofa. Bias told McDonald she was leaving him and began walking about the home packing her belongings. As Bias walked into the kitchen, she saw McDonald holding the handgun. The two began arguing, and McDonald grabbed Bias' arm. While still holding Bias in one hand and the handgun in the other, McDonald threatened to kill himself. When Bias "jerked down" to get away, McDonald fired the gun into the kitchen cabinets. Bias testified that when McDonald fired the gun, her "ears felt like they were coming slap apart. It was just like a big old canon [sic] had went off, and they were just ringing and ringing. . . ." As Bias ran from the house, she heard another gunshot.

McDonald admitted he did something "stupid" when he fired the gun while holding Bias by the arm. According to McDonald, he grabbed Bias' arm when she attempted to exit the door. McDonald testified that he put the gun to his head, threatened to kill himself, then shot the gun in the air. McDonald also admitted he fired a second shot in the air after Bias ran away.

An investigating officer testified that he found one gunshot hole in a wall cabinet over a kitchen appliance. According to the officer the "[w]ood was splintered up pretty well, pretty good hole. A .357 is a right powerful weapon." The officer further testified that based on his experience, firing such a weapon near an individual's ear "could rupture an eardrum."

The foregoing constitutes sufficient evidence from which a rational trier of fact could find McDonald guilty of reckless conduct under OCGA § 16-5-60 (b). "A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor." OCGA § 16-5-60 (b). See also *Cowan v. State*, 218 Ga. App. 422 (461 SE2d 587) (1995). From the evidence presented, the jurors could have found that when McDonald fired the first shot in the air "he did not actually intend to hurt [Bias] but consciously disregarded the substantial and unjustifiable risk that he might do so — and that that disregard constituted a gross deviation from the standard of care a reasonable person would exercise in the situation. [Cit.]" Id. at 422-423.

The dangers posed by such senseless use of firearms cannot be overstated. To borrow the language of the trial judge during McDon-

ald's sentencing: "[o]ne thing that concerns me everyday that I sit up here is our society's propensity to use weapons. Weapons when there's absolutely no need of having them around or in your hand or in your pocket or in your presence. . . . [E]ven in believing every word that [McDonald] said about how the incident occurred . . . I think stupid is an understatement. It could've resulted in a death but for the grace of God." Evidence of firing a .357 handgun near a person's head, while standing inside a building gripping the person's arm, is sufficient to satisfy the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 30, 1997.

*Gale & Henley, Teddy L. Henley*, for appellant.
*James R. Osborne, District Attorney, Cari Ann Kaplan, Assistant District Attorney*, for appellee.